THE CHICAGO CITY RAILWAY COMPANY ·

*v.*

PATIENCE FOSTER.

*Opinion filed February 21, 1907—Rehearing denied April 10, 1907.*

1. APPEALS AND ERRORS—*general objection to evidence will not support a specific objection on appeal.* A general objection to certain testimony of a physician testifying in a personal injury case, which is, "no proper foundation laid, and incompetent," is not sufficient to support the specific objection, urged on appeal, that the question which elicited the testimony was technically improper.

2. INSTRUCTIONS—*when instruction authorizing recovery upon proof of negligence charged in the declaration is proper.* An instruction authorizing the jury, in an action against a street railway company, to find the defendant guilty if they believe, from the evidence, that the plaintiff was in the exercise of ordinary care and was injured by the negligence of the defendant, "as charged in the declaration," is not improper, where there is evidence sustaining certain of the counts of the declaration. (*North Chicago Street Ry. Co.* v. *Polkey,* 203 Ill. 225, explained.)

3. SPECIAL INTERROGATORIES—*when refusal of special interrogatory is proper.* The special interrogatory, "Has the plaintiff proved, by a preponderance of all the evidence in the case, that the train in question was standing still at the time she attempted to alight from the same?" is not in proper form and its refusal is not prejudicial error, particularly where the jury answered "No" to the special interrogatory, "Could the plaintiff, by the exercise of ordinary care, have avoided the injury?"

4. TRIAL—*when misconduct of counsel will not reverse.* Misconduct of counsel with respect to improper remarks and actions during the trial will not work reversal where counsel on both sides were at fault, and where, although the court admonished counsel repeatedly, no rulings were made to which exceptions were taken.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This is an appeal from the judgment of the Appellate Court affirming a judgment of the circuit court of Cook county in favor of appellee.

The following is the statement of facts made by the Appellate Court:

"This action was instituted by appellee to recover damages for personal injuries claimed to have been sustained by her as the result of being thrown from one of appellant's cable trains upon which she was a passenger, near the intersection of State and Twenty-sixth streets, in the city of Chicago, June 27, 1902. State street is a north and south street, and Twenty-sixth street intersects it at right angles, running east and west. Spring street is an east and west street, which runs into State street from the west, about 124 feet from curb to curb south of Twenty-sixth street, its eastern terminus being the west line of State street. It is claimed that the appellee was a passenger upon a north-bound train, consisting of a grip and one trailer car; that she was riding in the latter, and at some point between Twenty-sixth street and Spring street the train was stopped in response to a signal given by a woman who accompanied her; that after it had stopped appellee's companion alighted safely, and that while appellee was in the act of following her the train was started and she was thrown to the ground.

"No question upon the pleadings is urged in the briefs, and therefore it seems unnecessary to state them further than to say that in the six counts of the declaration the corporate existence of appellant and its ownership and operation of the street railroad is alleged, and that it was propelling along the railroad tracks on State street a grip-car and a trailer in a northerly direction at and near Twenty-sixth street; that plaintiff was a passenger for hire upon one of the cars, and that while she was endeavoring to alight from said car when the same had come to a stop to enable her to alight therefrom, and while plaintiff was in the exercise of all due care for her own safety, appellant so carelessly, wrongfully and negligently handled and managed the car that the same was started suddenly and without notice to her, by reason of which she was thrown upon

the street and injured, etc. Upon the trial the jury returned a verdict finding appellant guilty and assessing appellee's damages at the sum of $9000, and judgment was entered thereon."

All the counts of the declaration charged that the cars were stopped at the time appellee received her injuries while endeavoring to alight therefrom, except the first additional count filed March 3, 1903. That count charged, in general terms, that the defendant, by its servants, so carelessly, negligently and wrongfully managed and operated its car on which plaintiff was a passenger, that she was thereby thrown to the ground with great force and violence.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

BRANDT & HOFFMANN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

It is first contended by appellant that the court erred in the admission of certain testimony. The chief ground of this objection is the testimony of Dr. White as an expert witness. The doctor had examined appellee and testified as to her condition. He stated she was suffering from traumatic neurosis, and that her condition was growing worse; that she could not go about without crutches nor do any work that required her to stand on her feet, and that in his opinion her condition would continue to grow worse. After stating her condition resulted from an injury to the bone, he was asked, "What may cause such an injury as that to the spine?" and answered, over the objection of appellant, "Traumatism." We do not think appellant was prejudiced by this question and answer. It would have been competent for appellee to have asked and the witness to have answered as to whether the injuries appellee was suffering from might have resulted from the fall she described. (*Illinois Central Railroad Co.* v. *Treat*, 179 Ill.

576; *Illinois Central Railroad Co.* v. *Latimer*, 128 id. 163.) If the question was technically improper the error was harmless. Furthermore, the objection made by the appellant to this testimony was insufficient to preserve that question for our review. The objection was, "no proper foundation laid, and incompetent." This was a general objection. It was the duty of the appellant to have made its objections specific. A party cannot make a general objection on the trial, and then, on appeal, insist upon specific objections. In *Village of Chatsworth* v. *Rowe*, 166 Ill. 114, it was contended the trial court erred in allowing a hypothetical question to be asked a physician testifying as an expert. The court said (p. 117) : "Whether the form of the question was objectionable or whether it contained incompetent matter we are not called upon to determine, as no such question was raised. The only objection made to the question was that it was incompetent."

Some other objections are made to the court's rulings in the admission and rejection of testimony, but we see no error in such rulings and do not deem them of sufficient importance to require their mention or discussion in detail.

Objection is made to the first and fourth instructions given on behalf of appellee. The first was as follows:

"If the jury believe, from the evidence, that the plaintiff, Patience Foster, was in the exercise of ordinary care for her own safety, and was injured by the negligence of the defendant, the Chicago City Railway Company, as charged in the declaration, then the jury should find the defendant guilty."

The fourth related to the measure and elements of damages, and told the jury what they should consider in arriving at the verdict, if they found, from the evidence, the appellant was guilty of the negligence charged in the declaration. The objection made to these two instructions is, that there was no evidence tending to prove the negligence charged in two counts of the declaration. One of these

counts, which was the original count filed, alleged that the appellant's car was stopped at Twenty-sixth street, and that while appellee was attempting to alight therefrom, appellant's servants, without giving her reasonable time to do so, started the car before appellee had gotten clear of the foot-board, thereby throwing her to the ground and injuring her. The other one, the third additional count, filed June 20, 1904, charged that the car was stopped near the corner of Twenty-sixth street, which was a usual stopping place, for the purpose of enabling passengers to alight from said cars, and that as appellee was endeavoring to alight therefrom, appellant's servants, without warning, started the car, thereby throwing her suddenly and violently to the ground. Appellee's proof showed the car stopped somewhere between Spring and Twenty-sixth streets, which, according to the testimony of the appellant's witnesses, was not a usual stopping place. The distance between these two streets was a little over one hundred feet. The train the appellee was riding on was composed of a grip-car and a trailer, the length of the two being about forty-five feet, so that if the train was stopped as alleged by the appellee, the front of the train must necessarily have been very near Twenty-sixth street. So far as the original count is concerned, it cannot be said that the evidence did not tend to sustain it if the proof showed the cars stopped on the south side of Twenty-sixth street instead of the north side, which was the usual stopping place.

But even if there was no evidence tending to support either one of these counts, it is not denied by appellant that there was evidence tending to support other counts of the declaration. Instructions to the effect that if the plaintiff has proved his case as alleged in his declaration the jury should find the defendant guilty · have been frequently sustained by this court. (*United States Brewing Co.* v. *Stoltenberg,* 211 Ill. 531, and cases there cited.) And instructions to the effect that if the plaintiff has proved the

defendant's negligence as charged in the declaration, etc., then the verdict should be for the plaintiff, have always, so far as we know, been held good. *Central Railway Co.* v. *Bannister,* 195 Ill. 48.

Appellant relies principally upon *North Chicago Street Railroad Co.* v. *Polkey,* 203 Ill. 225, in support of its position that the giving of instructions 1 and 4 was reversible error. That case does not sustain appellant. In the *Pólkey case, supra,* there were five counts in the declaration, charging different acts of negligence as the cause of the injury. There was no evidence that tended to sustain some of them. The street railroad company asked the court to give instructions explaining the issues under the counts but its request was denied, and the court held that having given for plaintiff the general instruction that if he had made out his case as set forth in the declaration he was entitled to recover, and another instruction telling the jury that they were to try the issues under the averments of the declaration, it was erroneous to refuse defendant's instructions defining and explaining the issues. In this case no instructions were asked by appellant defining or explaining the issues under the averments of the declaration or any count thereof.

The question here involved was passed upon in *Hannibal and St. Joseph Railroad Co.* v. *Martin,* 111 Ill. 219. Four objections were urged to one instruction in that case, and the fourth one was the same as the objection urged to the instruction here. The objection, as stated by the court, was: "And fourth, the court should not have submitted the question of appellee's right to recover, under the third and fourth counts of the declaration, to the jury, as is done by this instruction, because there is no evidence that the accident happened in the manner therein stated." In passing upon this objection the court held that there was evidence tending to prove each count, but said (p. 234): "Apart from this, however, the instruction is general, and if its principles are applicable to the declaration generally, it is

sufficient. It was the privilege of appellant to call the attention of the jury to the different allegations of the several counts, if it chose to do so, but it is sufficient if the law, as laid down at the instance of appellee, is correct and applicable to the case under either count." The same question was before the court in *Lake Shore and Michigan Southern Railway Co.* v. *Hessions*, 150 Ill. 546. It was there said (p. 554): "It is next urged that the court erred in giving the first instruction asked on behalf of plaintiff. The instruction was as follows: 'The court instructs the jury, that if they believe, from the evidence, that the plaintiff's intestate, while exercising ordinary care to avoid injury, was killed by the negligence of defendant, as charged in the declaration, then you can find for the plaintiff.' It is objected that thereby the jury were left to consider the case as charged in the declaration, while there was no evidence before the jury to prove the negligence alleged in one or more of the counts thereof. It is hardly to be supposed that the jury would understand the instruction to authorize them to consider negligence charged in the counts of the declaration not proved. They were to believe, from the evidence, that the intestate was killed by the negligence of the defendant as charged, and were expressly told, in very many instructions, that they must form their judgment from the evidence." We think these cases conclusive against appellant on this proposition.

Appellant asked, and the court refused to submit to the jury, the following special interrogatory: "Has the plaintiff proved, by a preponderance of all the evidence in the case, that the train in question was standing still at the time she attempted to alight from the same?" It is urged that this was erroneous. We think the court correctly refused to submit an interrogatory in this form. If the finding sought had been of an ultimate fact we do not think the form adopted should have been permitted. Moreover, at appellant's request the court submitted the special interroga-

tory, "Could the plaintiff, by the exercise of ordinary care, have avoided the injury?" which the jury answered, "No." This interrogatory covered, in substance, what was involved in the one refused, and appellant was not prejudiced by its refusal. *Chicago City Railway Co.* v. *Taylor*, 170 Ill. 49.

Lastly, it is insisted the judgment should be reversed on account of misconduct on the part of counsel for appellee during the trial. More of the brief and argument on each side is devoted to a discussion of this question than to any other question in the record, and on this subject, we are sorry to say, the briefs are not altogether courteous. Especially is this true of appellee. Appellant charges it was deprived of a fair and impartial trial by the misconduct of counsel for appellee, while counsel for appellee contend that every act or statement complained of was provoked by the misconduct of counsel for appellant. We have examined these charges and counter-charges, and regret to say the record shows that the conduct of counsel on both sides was justly subject to criticism. The Appellate Court said: "That the hearing of the case was not dignified and orderly is clearly apparent from the record. Many things occurred during the trial which must be condemned as improper." The record justifies this statement, but we are unable to say that the fault was with counsel on one side only, or that the fault was greater on one side than on the other.

It was the duty of the trial court to have seen that the trial was carried on in an orderly manner and that counsel on both sides conducted themselves properly towards the court, towards each other and towards the witnesses. If the misconduct of counsel on one side had prejudicially affected the case of the other side the trial court was in a position to know it. Rendering judgment on the verdict gave it sanction which should not have been given it if it had been influenced by misconduct of counsel. The court was doubtless of opinion that under the circumstances neither side was helped nor injured by any misconduct of counsel

during the trial, and an examination of this record leads us to the belief that this was the correct view. If the misconduct complained of had been wholly on one side then a different conclusion might be reached. It is also to be noted that the complaint is not of any rulings by the court. Many passages occurred between counsel about remarks that had been made by one or the other in the presence of the jury during the progress of the trial. Each counsel a number of times complained to the court of the conduct of the other, and the court many times admonished counsel, but no rulings were made and exceptions taken thereto.

Believing there is no reversible error in the record the judgment is affirmed.     *Judgment affirmed.*