Ruth Pitrowski, Administrator of Estate of Edward Pitrowski, Deceased, Appellee, v. The New York, Chicago & St. Louis Railroad Company, Appellant.

Gen. No. 46,007.

First District, Second Division.

June 28, 1955.

Released for publication September 13, 1955.

Winston, Strawn, Black & Towner, of Chicago, for appellant; George B. Christensen, Douglas C. Moir, and Edward J. Wendrow, all of Chicago, of counsel.

Marion J. Hannigan, Edward G. Bicek, and Edward Wolfe, all of Chicago, for appellee; Edward Wolfe, of Chicago, of counsel.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The plaintiff, Ruth Pitrowski, administrator of the estate of Edward Pitrowski, deceased, brought suit against the New York, Chicago & St. Louis Railroad Company, a corporation, under the Federal Employers' Liability Act (45 USC Secs. 51–59). The case was tried before a jury. At the close of the plaintiff's evidence the circuit court of Cook county overruled the defendant's motion for a directed verdict. The case was then submitted to the jury after argument by both plaintiff and defendant and after instructions had been given by the court. The jury returned a verdict in favor of the plaintiff in the sum of $150,000. The trial court overruled the defendant's motion for judgment notwithstanding the verdict and defendant's motion for new trial upon the plaintiff entering a remittitur of $50,000. Judgment was entered against the defendant for $100,000, from which defendant took an appeal. The Appellate Court (1 Ill.App.2d 63) held that the trial court should have entered judgment, notwithstanding the verdict, for the defendant and reversed the judgment of the trial court. On appeal the Supreme Court reversed the judgment of the Appellate Court, holding that there was sufficient evidence in the record to sustain the verdict. The case was remanded to the Appellate Court to consider certain of the defendant's assignments of error which had not been previously considered.

Now before us the defendant contends that the trial court erred in admitting in evidence certain photographs of the derailed car and locale of the accident; that the trial court erred in giving an instruction summarizing the issues in the case; and that the amount of the judgment is excessive. The photographs to which the defendant objects are plaintiff's exhibits four and six.

In her complaint the plaintiff alleged four acts of negligence: (1) that the defendant caused or allowed

498

the freight car upon which plaintiff's intestate was riding as a switchman to become derailed; (2) that defendant moved the car at a dangerous and excessive rate of speed; (3) that it caused or permitted obstructions to be on the track; and (4) that it failed to furnish plaintiff's intestate with a reasonably safe place to work.

■■■■■ Plaintiff's exhibit six is the only exhibit to which a serious objection is made. It shows the derailed car after the accident, together with a wall of one of the adjoining buildings. It also shows the body of the deceased between the car and the wall, in an erect position. The rule with reference to the admission of evidence of this character is well settled. If the evidence has a reasonable tendency to prove some material fact in issue, such evidence may properly be admitted, and the question is one properly within the discretion of the trial court. 4 Wigmore on Evidence (3rd Ed.), sec. 1158; People v. Jenko, 410 Ill. 478; People's Gas Light & Coke Co. v. Amphlett, 93 Ill. App. 194. The duty of the trial court is to examine evidence offered to it when an objection has been interposed, to determine whether or not the evidence has a tendency to prove or disprove any of the issues raised by the pleadings in the case and if it is properly admissible under the recognized exclusionary rules. If the court, upon examination of the evidence, finds that it should be admitted, the court has, as far as that evidence is concerned, exhausted its function. When a photograph is relevant, the mere fact that it may have a tendency to prejudice the jury is not sufficient to justify its exclusion. It is a matter within the court's discretion. In plaintiff's exhibit six the figure of the deceased is not clearly outlined, and it is not probable that it would have had an inflammatory effect on the average juryman. At the time of the trial the question of the speed at which the cars were being pushed was a mat-

ter at issue. Under the circumstances the court did not abuse its discretion in admitting the photograph.

The defendant also objects to an instruction given on behalf of the plaintiff which sets out the allegations of the complaint, including among them the allegation that the defendant had moved the cars at a dangerous rate of speed. The defendant objects to the instruction on the ground that it did not properly summarize the issues of the complaint, and asserts that the instruction should not have been given because, as it contends, there was no issue of speed properly before the jury.

Instructions summarizing the issues have been approved by our courts. Wilson v. Terminal Railroad Ass'n of St. Louis, 333 Ill. App. 256; Bales v. Pennsylvania R. Co., 347 Ill. App. 466. In many cases our courts have pointed out that the jury should be made acquainted with the issues raised by the pleadings by a concise summary, thus avoiding repetition and undue emphasis on any particular issue. In Signa v. Alluri, 351 Ill. App. 11, the court reversed the case because of a prolix instruction of approximately 800 words, which instruction was identical with allegations of the complaint. It was a close case on the facts. In the instant case the Supreme Court has found that there was sufficient evidence before the jury for them to find that the defendant was guilty of the negligence charged. The instruction here was improperly phrased and repetitious and could, in a lesser measure, be subjected to the same criticism made in Signa v. Alluri, supra; however, under the facts and circumstances in this case, the giving of it is not reversible error.

In the case before us the jury returned a general verdict. In its opinion (Pitrowski v. New York C. & St. L. R. Co., 4 Ill.2d 125), the Supreme Court says:

"Plaintiff's complaint charged defendant with the following four acts of negligence: (1) Defendant caused or allowed said car to become derailed; (2) de-

fendant moved said car at a dangerous and excessive rate of speed; (3) defendant caused or allowed obstructions to be on the tracks; (4) defendant failed to furnish plaintiff's intestate with a reasonably safe place to work.

"After a careful examination of the evidence, we are of the opinion that the record contains sufficient evidence to establish a reasonable basis from which the jury could conclude that defendant was guilty of the negligence charged and that such negligence contributed in whole or in part to decedent's death."

■ It has been held, in cases which were not close on the facts, that where the jury by instructions had the issues properly presented to them, the giving of an instruction submitting to their consideration a count on which there was no evidence produced was not reversible error, where there was evidence in the record sustaining certain of the counts of the declaration. Lake Shore & M. S. Ry. Co. v. Hessions, 150 Ill. 546; Chicago City Ry. Co. v. Foster, 226 Ill. 288. In Chicago B. & Q. R. Co. v. Warner, 108 Ill. 538, the court says:

"Where the reviewing court can see the case has been fairly tried, and that the judgment is clearly right upon the facts, and that consequently another trial must necessarily result the same way, it will not reverse on the ground an erroneous instruction may have been given or a proper one has been refused."

■ Counsel for the defendant urges that the court erred in sustaining the plaintiff's objections to his argument to the jury. The defendant's counsel said: "They were not supposed to assume that a dolly was left down there on that track. The Bell Fibre Products Company is responsible for that. I am not asking you to deny recovery to this family. I am asking you to deny recovery to this family by my client. They should file the suit where it belongs." This argument was ob-

jected to and the court permitted it to stand, but told defendant's counsel not to pursue it any further. Counsel contends that his further argument would have been that the Bell Fibre Products Company was solely responsible for the accident, and that there was no negligence on the part of the defendant. The law is, of course, that the defendant would be liable in an action under the Federal Employers' Liability Act if its negligence was a concurring cause, and the negligence of another would not defeat recovery. This contention of the defendant is also disposed of by the decision of the Supreme Court. In any case, the defendant got before the jury its argument that the Bell Fibre Products Company was responsible for leaving the dolly on the tracks.

■ The defendant also contends that the amount awarded to the plaintiff is excessive. In a death action brought under the Federal Employers' Liability Act the damages should be the pecuniary loss suffered by the plaintiff. Here evidence was introduced that the decedent was 42 years old and left surviving a wife aged 31, and two minor children aged 9 and 11. He had been employed by the defendant for 13 years, and his take-home earnings for the year 1950 were $5,061.14. For the 9½ months of 1951 prior to his death his take-home earnings were $5,044.10. There was testimony that at the time of his death he was working seven days a week, and that he kept for himself $60 a month for gas, cigarettes and transportation. The balance of the money was used to maintain a home and provide food and clothing for the entire family including the deceased.

■ ■ The jury were properly instructed that they should return a verdict which would adequately compensate the widow and surviving children for the pecuniary loss sustained on account of decedent's death,

502

and that the present cash value of such loss should be determined by them. The verdict of $150,000 which the jury returned was undoubtedly excessive. The trial court entered a remittitur of $50,000, and we feel that the judgment now before us of $100,000 is still excessive. In this case the defendant saw fit to introduce no evidence. As we have stated, the Supreme Court found there was in the record sufficient evidence from which the jury could find that the defendant was guilty of the negligence charged in the complaint. Under that decision and the rule of law there laid down, there now can be no contention that this was a close case. The evidence presented by the plaintiff was not contradicted, and there is nothing in the record to indicate that a retrial of the case would result in a verdict other than for the plaintiff. While the verdict is excessive, under all the facts and circumstances in the record the case should not be reversed and remanded. We have carefully considered decisions in other death cases under the Federal Employers' Liability Act and have examined tables computating present value of pecuniary loss. Taking all this into consideration, together with all imponderable elements which might have been considered by the jury, and giving the plaintiff the benefit of all doubt, we do not feel that the evidence justifies a judgment of more than $90,000. It is therefore ordered that if the plaintiff will, within 20 days, file in the office of the clerk of this court a remittitur in the sum of $10,000 as of the date of the judgment, then the judgment will be affirmed for $90,000 as of the date of the original judgment; otherwise the judgment will be reversed and the cause remanded for a new trial.

Affirmed upon filing remittitur within twenty days; otherwise reversed and remanded.

ROBSON and SCHWARTZ, JJ., concur.