Roger Smith, Plaintiff-Appellee, v. Illinois Central Railroad Co., Defendant-Appellant.

Gen. No. 60–F–12.

Fourth District.

May 25, 1960.

Rehearing denied March 27, 1961.

John W. Freels, Robert S. Kirby, of Chicago, and Gordon Burroughs, of Edwardsville, for appellant.

Hubbell and Mattes, of St. Louis, Missouri, and Goldenhersh and Goldenhersh, of East St. Louis, for appellee.

CULBERTSON, J.

This appeal results from a verdict returned in the Circuit Court of Madison County upon which judgment was entered for $50,000 as against the defendant Railroad. The action was under the Federal Employers' Liability Act. The damages sustained by plaintiff consisted of a loss of two fingers of the left hand.

Plaintiff was thirty years of age and sustained his injuries under circumstances justifying a recovery. No questions are raised by the pleadings. As a result of the injury plaintiff suffered considerable pain and while he has mobility in his little finger and the ring finger, he cannot make a tight fist with such hand or use the hand to handle or carry heavy objects.

On appeal in this Court defendant contends that the verdict is so grossly excessive as to show prejudice on part of the jury, and that the failure of the Trial Judge to grant relief by new trial, or at least by remittitur, requires action by this Court.

It is contended by defendant that under the ruling of the United States Supreme Court in Deen v. Gulf, Colo. & S. F. Ry. Co., 359 U. S. 945, this Court has power to pass on questions of excessive verdict even in Federal Employers' Liability Act cases. The point

made by defendant in the Deen case referred to is that the Court in such case said that the question of the weight of evidence could not be passed upon by a State Appellate Court, and in such case ordered the judgment reinstated by the State Court on remandment, concluded that power to pass on the question of excessive verdict was solely a question of State procedure. The United States Supreme Court expressly affirmed the State Court power on the question of excessive verdicts.

█ The special power of the State Court to pass upon the issue of excessive verdicts has been attended by some confusion in this State. Basically, however, this State has always followed the common law rule that an excessive verdict could be and should be corrected in the Trial Court by remittitur or a new trial, and that a failure or refusal of the Trial Court to act in a proper case was error which should be corrected in the Appellate Court (Goertz v. Chicago & N. W. Ry. Co., 19 Ill.App.2d 261, 153 N.E.2d 486; Pitrowski v. New York, C. & St. L. R. Co., 6 Ill.App.2d 495, 128 N.E.2d 577).

It has been contended, as is contended by plaintiff in this case, that this Court in Pennell v. Baltimore & O. R. Co., 13 Ill.App.2d 433, 142 N.E.2d 497, and Coleman v. Gulf, M. & O. R. Co., 17 Ill.App.2d 220, 149 N.E.2d 656, in stating (at page 226), "in cases under Federal Law this Court cannot enter a new trial because the verdict is contrary to the manifest weight of the evidence or because the verdict is excessive and it is useless to appeal on these grounds." Plaintiff therefore contends that Appellate review is limited to the question of whether or not there is an evidentiary basis for the verdict.

In the Pennell case cited, this Court had stated (at page 444), "Under the above holding we concluded that the decision of the Supreme Court of the United States in the Harsh case clearly denied the right to

this Court to follow Illinois procedure and grant new trials on the basis that the verdict was against the manifest weight of the evidence." (at page 418), "If this result provides 'one brand of justice for one group of defendants and another brand for other groups,' as contended by counsel, we can only reply that we are following the dictates of an upper court and the result is not our responsibility."

As we pointed out earlier in this opinion in the case of Deen v. Gulf, Colo. & S. F. Ry. Co., 353 U. S. 925, and 359 U. S. 945, and also in Rogers v. Missouri Pac. R. Co., 352 U. S. 500, while the question of the weight of the evidence could not be passed upon by a State Appellate Court, the United States Supreme Court expressly affirmed the State Court power over excessive verdict questions.

██ ██ It is rightly pointed out that no decision of the United States Supreme Court has determined that a State Appellate Court could not correct an excessive verdict in a Federal Employers' Liability case. It is also logically concluded that the United States Supreme Court could not render such a decision since in reviewing a State Court judgment it can pass only on Federal questions of substance. The amount of damages to which a person is entitled is obviously a fact issue and could not logically present a "Federal question of substance." To pass on an excessive verdict would not deny a right existing under Federal Law. The United States Supreme Court in St. Louis & Iron Mountain Ry. Co. v. Craft, 237 U. S. 648, held that granting of a remittitur in a Federal Employers' Liability case was not a denial of a right of trial by jury, and involved only a question of fact and was not open to reconsideration in the United States Supreme Court.

The Supreme Court of New Mexico was confronted with substantially the problem which now confronts

this Court, that is, of reversing a previously unsound position. That Court pointed out that it "had previously concluded that an excessive verdict in a Federal Employers' Liability case could not be reviewed." The Court then stated (Rivera v. Atchison, T. & S. F. Ry. Co., 299 P.2d 1090, at page 1093), that in a previous case the Court had stated,

"The members of this Court participating in the opinion agree the damages are excessive, but, like the members of the Third Circuit Court of Appeals in SCOTT vs. BALTIMORE & O. R. Co., 151 F.2d 61, 64, 65, there is nothing we can do about it, in view of the federal decisional law on the subject and the lack of anything in the record indicating the verdict was the result of passion or prejudice. . . ."

"Upon a further consideration of the question we believe that in cases arising in State Courts under the Federal Employers' Liability Act, 45 U.S.C.A. 51 et seq., all procedural matters, including review of verdicts for excessiveness, are governed by the law of the forum and not by the Federal Decisional Law. This view finds support in nearly, if not all jurisdictions. The cases are so numerous, we will not list them; they are cited for the first time in appellant's brief on motion for rehearing. Had they been brought to our attention in the PADILLA case or in the brief in chief in this case, we would not have held that we could not go into the question of excessive verdicts, absent a showing of passion or prejudice. In this respect, there is no conflict between the Federal and the State Courts. The right to review damages in an appellate federal court is denied because of the Seventh Amendment to the Constitution of the United States, which reads:

172

" 'In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.'

"But this limitation does not extend to the State Courts."

After a careful review of all the precedents and in light of the recent Supreme Court cases, we must conclude that the Supreme Court of New Mexico correctly summarized the status of the State Courts on the question of the right to review the issue of excessive verdicts.

■ Since we have exercised the right to control of excessive verdicts in other cases, and in absence of any statute or decision of the Supreme Court or other Federal Courts which prohibits the exercise of any power in Federal Employers' Liability cases, it is apparent that the basic or historical power to review excessive verdicts exists in Federal Employers' Liability cases as well as other cases.

■ The injury in the present case consisted, in essence, of the loss of two fingers as we have indicated in the course of the opinion. Considering this fact and all the elements cited by plaintiff and shown of record, such as pain and resulting disability, we cannot conscientiously permit a verdict in such amount to stand and feel that the verdict in itself is so grossly excessive as to require reversal and remandment.

The judgment of the Circuit Court of Madison County will, therefore, be reversed and the cause remanded for new trial.

Reversed and remanded.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.