Matt Rogers, Plaintiff-Appellee, v. Wilbert Gehrke, Defendant-Appellant.

Gen. No. 66-33.

Second District.

December 20, 1966.

Snyder, Clarke, Dalziel, Holmquist and Johnson, of Waukegan, for appellant.

Fred Lambruschi, of Chicago, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

On December 3, 1961, the plaintiff, a man sixty-one years of age, drove his car onto Route 12 in Lake County and was thereupon hit from the rear by defendant. The plaintiff was employed at a salary of $700 per month and lost three weeks' work as a result of his injuries. By stipulation the jury was instructed that plaintiff's car damage amounted to $1,030. The plaintiff incurred medical expenses of $125 for a total out-of-pocket expense

in the amount of $1,680. A jury awarded plaintiff $20,000 for his injuries and the defendant appeals to this court on the single ground that the jury verdict was so excessive it demonstrated passion, prejudice or partiality.

We have recently had occasion to consider this question in the case of Wyer v. McKeown-Phalin Chevrolet, Inc., 74 Ill App2d 283, 219 NE2d 355 (1966). We held that a jury verdict of $8,500 based upon special damages of $552 was not excessive.

In the case of Lau v. West Towns Bus Co., 16 Ill2d 442, 158 NE2d 63 (1959), the Supreme Court held that a jury award of $75,000 based upon special damages of $1,500 was not excessive.

The very nature of personal injury cases makes it impossible to establish a precise formula to determine that one award is excessive and another is not. Each case must be determined by its own circumstances having in mind that the trial judge and jury saw and heard the witnesses and are best able to determine that sum which will fairly compensate an injured plaintiff entitled to a verdict.

In the case at bar the evidence indicated that the plaintiff had an impacted fracture of the lower end of the right fibula extending into the joint surface. X rays indicated a very stiff back with spasm and pain. There was irregularity and bone chips in the weight bearing area along the fibula causing stiffness and pain. The plaintiff also suffered from a narrowing of the intervertebral space with cystic generation of the marrow. There was a narrowing between the fourth and fifth lumbar vertebrae and also traumatic arthritis with cystic generation in the right ankle and a ruptured disk with neuritis in the sciatic nerve as a result of the condition of the disk. In the doctor's opinion these conditions were permanent. The plaintiff testified that he had never been free of pain in his back since the accident and that when he walked his foot had a habit of giving way. The plain-

345

tiff's evidence is absolutely uncontradicted since the defendant presented no witnesses and no evidence of any kind.

The defendant's brief in this court specifies excessiveness of verdict as the only ground for appeal. In the post-trial motion filed in the trial court defendant specified the following points:

"(1)   The judgment and verdict were contrary to the law;

"(2)   the judgment and verdict were contrary to the evidence and to the manifest weight thereof;

"(3)   the verdict award was grossly excessive, vindictive and punitive. The award was so unreasonable and excessive that it demonstrated passion and prejudice on the part of the jury."

In his argument in this court the defendant goes beyond his post-trial motion. He now argues that the cause should be reversed because of the misconduct of the defendant himself and because the plaintiff was permitted to cross-examine the defendant under section 60 of the Civil Practice Act (c 110, § 60, Ill Rev Stats, 1965) regarding a prior statement made by the defendant without the statement ever having been offered or admitted in evidence.

Section 68.1 of chapter 110 of the Illinois Revised Statutes, 1965, provides in part,

". . . the post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, . . . A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion."

■   This rule is based upon the sound reason that a party should not be permitted to hide behind a general objection in the trial court and then criticize the trial

346

judge on a specific point in the Appellate Court. We cannot review a trial decision unless a trial judge has had a chance to make that decision. It is unfair to permit us to sit in review of a trial judge unless he has had an opportunity to consider the same question presented to us. As was said in Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 164 NE2d 209 (1960) at page 210,

> "A trial judge should have an opportunity to appraise the errors which are asserted to have taken place. It is unfair to charge him with errors in a reviewing court without having brought them to his attention so that a new trial could have been granted if he found it advisable."

In Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 572, 149 NE2d 351 (1958), the court notes that the purpose of the Statute ". . . was to prevent the moving party from hiding behind a general objection in the trial court and for the first time raising with particularity in the Appellate Court an objection that had not been argued before the trial judge. Concealment and surprise should be no part of present day practice." In the case of O'Keefe v. Lithocolor Press, Inc., 49 Ill App2d 123, 199 NE2d 60 (1964), the defendant objected in the trial court that a doctor was asked a hypothetical question about a hypothetical person. On appeal their objection was that the question invaded the province of the jury. The court held that this objection had not been presented in the post-trial motion and that the two objections were different. Since the objections were different it could not be reviewed on appeal.

■■■ Even if the two arguments now raised by the defendant had been properly preserved, they are without merit. A party can hardly rely on his own misconduct as a ground for reversal. Any rule which authorized a party to profit by his own misbehavior would bring chaos to our judicial system.

■■ Prior to trial the defendant had given a written statement to plaintiff. On the trial of the case, defendant's testimony contradicted his statement. Thereupon, the statement was produced. The defendant admitted that the signature on the last page of the statement was his. He testified that the signature on the first page of the statement looked like his and the signature on the second page of the statement did not look like his. The trial judge found that it was one whole statement with the defendant's signature at the bottom of the last page. An examination of the record leads to the conclusion that the trial judge was correct in his findings regarding the statement. Therefore it was permissible for plaintiff to impeach the defendant with the prior inconsistent statement and it was not necessary that the statement be admitted. Atchison, T. & S. F. R. Co. v. Feehan, 149 Ill 202, 36 NE 1036 (1893), Kooyumjian v. Stevens, 10 Ill App2d 378, 135 NE2d 146 (1956). Apparently when the defendant discovered that things were not going well, he changed his testimony and denied making the statement. Having once admitted making the statement a party may be impeached by the use of the statement and this may continue even though the party subsequently changes his position and denies making the statement. The admission opens the door to impeachment and a party will not be permitted to change his testimony because the results are not satisfying. Therefore we conclude that the defendant was properly impeached by his own written statements and that the trial court did not commit error in permitting examination without admitting the statement or without the statement having been offered.

We conclude that the jury verdict was not excessive and that no error occurred in the trial. The judgment is therefore affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.