Robert C. Sutton and Dorothy Sutton, Plaintiffs-Appellants, v. Robert D. Harrison, Defendant-Appellee.

Gen. No. 69–23.

Third District.

December 3, 1969.

Elliot B. Young, of Peoria, for appellant.

Barnes & Barnes, and Pace & Paolucci, of Lacon, for appellee.

STOUDER, J.

This is a personal injury action instituted in the Circuit Court of Marshall County by Robert C. Sutton and Dorothy Sutton, husband and wife, Plaintiffs-Appellants, seeking damages from Robert D. Harrison, Defendant-Appellee, on account of the latter's alleged negligent operation of his automobile. The jury returned a verdict against plaintiffs upon which judgment was entered and from which judgment the plaintiffs have appealed.

On January 3, 1962, at approximately 8 o'clock p. m., plaintiff, Robert Sutton, was driving his automobile in a

northerly direction on Illinois State Route 29. Sutton's wife also a plaintiff, was seated behind him and the automobile contained two other passengers. The night was dark and misty. Illinois Route 29, a two-lane highway, was damp. After passing through Henry, Illinois, and resuming his speed on the open highway, plaintiff noticed an object in the highway which he identified as a stalled automobile blocking the northbound lane.

According to plaintiffs and the passengers in their car, there were no lights on the stalled vehicle. According to Sutton he slowed his vehicle and turned into the left or southbound lane in order to pass the stalled vehicle. As he did so he saw a person running across the road from the left side of the stopped vehicle. Sutton stated that in order to avoid hitting the person, he turned his car to the right and applied his brakes hard, but his vehicle struck the defendant's vehicle, shoving it ahead approximately two car lengths and causing the injuries sustained by plaintiffs.

Defendant, Robert Harrison, testified that on the night in question he, accompanied by Newell, a passenger, drove his stationwagon on a blacktop road northwest from the Village of Henry to a point where the blacktop road intersected with Illinois Route 29. He stopped for the intersection, then turned right and proceeded a short distance, when his motor died. He tried to get the vehicle completely off the highway but only the right front wheel was off before the car came to a stop. During the estimated five minutes before plaintiffs' car reached the scene, defendant had looked under the hood to ascertain what might be wrong, but could find no trouble. He and his passenger attempted to push the vehicle off the highway but could not move it. According to defendant and his passenger, the dome light, a trouble light and the rear lights were all on at the time. According to Harrison, as he was standing

on the left side of the car with his trouble light, he observed the plaintiffs' car approaching in the north-bound lane. According to Harrison, the plaintiffs' car made no effort to avoid the stalled vehicle and Harrison, apprehensive of being struck, ran across the highway as plaintiff applied his brakes, thereafter striking defendant's vehicle. At the time of the collision the passenger of defendant was in the stalled vehicle and according to his testimony, was pumping the brakes in order to afford a flashing red light to be observed by those approaching from the rear.

In seeking to reverse the judgment in favor of defendant entered on the verdict of the jury, plaintiffs argue that the liability of the defendant was established as a matter of law and consequently a new trial should be awarded on the issue of damages only or in the alternative a new trial should be awarded generally because of errors in instructions.

Basic to this dispute is the application of chapter 95½, section 185, Ill Rev Stats 1961. The Statute provides, "(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of 200 feet in each direction upon such highway." Subsection (c) of section 185 provides, "This section shall not apply to the driver of any vehicle which is disabled while on the paved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position; . . . ."

Explicit in plaintiffs' argument that defendant is liable as a matter of law is the assertion that defendant was negligent as a matter of law. Plaintiffs' reasons in this respect are substantially the same as those urged in justification of its contention that error was committed in rulings on instructions. For that reason the matters will be considered together.

Plaintiffs tendered a "statutory duty" instruction in the language of subsection (a) of section 185, chapter 95½, Ill Rev Stats 1961. Pursuant to objection by defendant, the court declined to give such instruction but instead gave defendant's "statutory duty" instruction which included both subsections (a) and (c) of section 185, chapter 95½, Ill Rev Stats 1961.

Plaintiffs insist the evidence is uncontradicted that defendant's vehicle was stopped or parked on the highway in violation of subsection (a). The court erred according to plaintiffs, by including in such instruction the exemption specified in subsection (c) because in the absence of evidence of the cause of the motor failure, defendant's vehicle could not be considered disabled.

We have reviewed the authorities cited by plaintiffs but conclude that they are either inapplicable to the circumstances of this case or, in fact, support the propriety of the judgment.

In Crawford v. Cahalan, 259 Ill App 14, an early case dealing with a different but somewhat similar statute prohibiting stopping or parking on the highway, the court held that the only excuse for such conduct was an emergency or exigency that left no choice. In the Crawford case, plaintiff's son had stopped the vehicle on the highway to observe an overturned vehicle in a ditch completely off the highway. Damages to the vehicle were sought from a defendant who ran into the vehicle while it was so stopped. The court concluded that stopping to view another vehicle was not an emergency or exigency justifying the stoppage of the vehicle

on the highway, and consequently reversed a judgment in favor of the owner of the stopped vehicle because it concluded that the driver thereof was guilty of contributory negligence as a matter of law. To the same effect is Fitzpatrick v. California and Hawaiian Sugar Refining Corp., 309 Ill App 215, 32 NE2d 990, also relied upon by plaintiffs.

 As indicated in the Crawford case, a mechanical breakdown or failure may constitute an emergency justifying the stopping of a vehicle on the highway, notwithstanding the potential danger which may ensue. This view is in accord with section 185, chapter 95½, Ill Rev Stats 1961, which not only recognizes the urgency of removing stopped or parked vehicles from the highway but also that under some circumstances such may not be possible or practical. In this respect that part of subsection (a) which provides ". . . when it is practical to stop . . . such vehicle off the highway . . ." should be considered with that part of subsection (c) ". . . disabled . . . to such extent that it is impossible to avoid . . . leaving such disabled vehicle in such position." Both sections contemplate that there are many circumstances to be considered in determining whether the leaving of the vehicle on the highway is justified. Such circumstances would include the character of the vehicle, the nature of the disabling condition, as well as the adjacent terrain and the resources or means available to move such vehicle from the highway. Neither the language of the statute, its purpose nor the cited cases require that technical evidence of the cause of the mechanical failure of a vehicle be presented before the vehicle can be deemed disabled. Indeed, if mechanical failure, or, as in the instant case, motor failure, does occur the reasons for such failure are immaterial so far as the purpose and object of the statute are concerned.

In Jines v. Greyhound Corp., 33 Ill2d 83, 210 NE2d 562, defendant's bus struck a stalled vehicle injuring

the plaintiff, a passenger therein. Although holding that the issues of negligence and contributory negligence were properly jury issues, the court reversed the judgment granting the plaintiff a new trial on account of an evidentiary error. The evidence erroneously admitted was the testimony of an expert that the brake drum on the left rear wheel was locked or "frozen solid." Such opinion was based on an examination of the vehicle some months after the incident, without any evidence tending to show the wheel was in the same condition at the time of examination as at the time of the incident. The court stated "an essential part of plaintiff's theory was that the plaintiff and his associates were unable to push the stalled car off the roadway."

█ █ The Jines case illustrates the duty to avoid leaving a vehicle on the highway even when it may be disabled to some extent. Another aspect of the basic duty to avoid leaving vehicles on the highway is that relating to the duty to exercise reasonable care in warning other motorists of the dangerous condition so created. Moore v. Bethel, 4 Ill App2d 270, 124 NE2d 352.

█ █ In our view of this case, there is evidence that defendant's vehicle was disabled and that it could not be moved off the highway under circumstances existing at the time. Accordingly, we find no error in the giving of the instruction on section 185, including subsection (c) applying to disabled vehicles. To say as do plaintiffs, that defendant could and should have done something different such as "go for help" does not demonstrate the absence of conflicting evidence. On the contrary, the resolution of such issue was one appropriately submitted to the jury. Additionally, we observe that there is direct conflict in the evidence concerning the lights on defendant's vehicle and, therefore, the reasonableness or adequacy of defendant's warning of the danger. Likewise, there is a basic dispute as to whether plaintiff veered his car into the car of

231

defendant in order to avoid hitting the defendant running across the road or whether defendant ran across the road in order to avoid being hit by plaintiffs' vehicle. The resolution of such conflicts is significant and material in determining whether defendant was or was not negligent, and the jury's verdict is supported by ample evidence.

Plaintiffs have directed our attention to other alleged errors in the court's rulings on instructions. We believe a discussion of such assignments of error is not required and that it is sufficient to say that such rulings were not erroneous.

For the foregoing reasons the judgment of the Circuit Court of Marshall County is affirmed.

Judgment affirmed.

ALLOY and RYAN, JJ., concur.