MARGAREY BALL, Plaintiff-Appellee, *v.* CONTINENTAL SOUTHERN LINES, INC., Defendant-Appellant.

Fifth District   No. 75-519

Opinion filed February 15, 1977.

Edward P. Burke, of East St. Louis, for appellant.

Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis (Rex Carr, of counsel), for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Continental Southern Lines, Inc., appeals from a judgment of the circuit court of St. Clair County entered on a verdict in the sum of $100,000 in favor of plaintiff. Defendant alleges error in the trial court's

refusal to give one of defendant's tendered instructions and also alleges that the damages awarded by the jury were excessive.

Plaintiff's cause of action arose from a traffic accident involving her car and a passenger bus owned by the defendant Continental Southern Lines, Inc. On December 4, 1971, plaintiff Margarey Ball was proceeding south on Illinois Route 3 at approximately 50-60 miles per hour. Plaintiff testified that the defendant's bus, driven by Raford Lisenbee, had closed to within 50 feet of her car as he prepared to pass. The hood of plaintiff's Volkswagen flew up and obstructed the plaintiff's vision.

Knowing the defendant's bus was following her closely, plaintiff did not brake immediately. She traveled about 150 feet prior to the time of collision, and did not move immediately off the road because of a drop in the pavement at the shoulder of the highway. Plaintiff testified that her right turn blinker was on and that she was attempting to slow the car and move it off the roadway. She stated that her car was entirely on the roadway and that she was moving at approximately 10 miles per hour at the time of the collision.

The driver of defendant's bus, Lisenbee, testified that he was traveling about 50 miles per hour and was about 50 feet behind the defendant and accelerating in an attempt to pass. He saw the hood of the Volkswagen fly up and applied his brakes before plaintiff tried to stop. Lisenbee testified that he was unable to stop because the wheels of the bus had dropped off onto the shoulder. He had previously stated at a deposition that he was too close to move around her. Lisenbee further testified that plaintiff's car had come to a complete stop on the roadway at the time of the collision.

Defendant urges error predicated upon the trial court's refusal to give defendant's instruction number two. The tendered instruction related to the alleged contributory negligence of the plaintiff and set out section 11—1301(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1301(a)). That section provides as follows:

"Upon any highway outside a business or residence district of any city, village or incorporated town, no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or so leave such vehicle off such part of the roadway, but in every event an unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of 200 feet in each direction upon such highway."

Defendant's instruction did not include subsection (c) of section 11—1301. Subsection (c) reads as follows:

"This Section does not apply to the driver of any vehicle which is

disabled while on the roadway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position. However, at least one door of any motor vehicle permitted to stand unattended on the roadway shall be left unlocked."

In this case plaintiff was faced with an emergency situation when the hood of her car flew up and obstructed her vision. When faced with a sudden emergency or imminent peril, the driver of an automobile must exercise that degree of care and caution which an ordinarily prudent and careful person would exercise under the circumstances. (*Dirskmeyer v. Barnes*, 2 Ill. App. 2d 496, 110 N.E.2d 813.) It is defendant's theory that the failure of the plaintiff to move her car off the highway in violation of section 11—1301(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1301(a)) rendered her guilty of contributory negligence.

It is true, as defendant notes, that every party has the right to have the law stated fairly, clearly, distinctly and conveyed to the jury with substantial accuracy. (*Sims v. Chicago Transit Authority*, 7 Ill. App. 2d 21, 29-30, 129 N.E.2d 23; *Berg v. Collier*, 60 Ill. App. 2d 145, 208 N.E.2d 353.) There is also no impropriety in instructing in the language of an appropriate statute. (*Deming v. City of Chicago*, 321 Ill. 341, 151 N.E. 886.) An instruction, however, must accurately state the law and must not confuse or mislead a jury.

■■ The evidence with regard to the speed of the plaintiff's auto at the time of the collision was conflicting. Plaintiff testified that she was moving at approximately 10 miles per hour while the defendant's driver testified that her car was completely stopped. Even if plaintiff's car was stopped completely at the time of the collision, the instruction was properly refused. It is not every stopping on the highway in apparent violation of section 11—1301 which renders the party guilty of negligence or contributory negligence. See *Dromey v. Interstate Motor Freight Service*, 121 F.2d 361 (7th Cir. 1941) (momentary stop for left-hand turn outside purview); *Beatrice Foods Co. v. Luecht*, 35 Ill. App. 2d 188, 182 N.E.2d 346 (emergency vehicle stopped for removal of overturned truck not within purview of statute and not proximate cause).

As previously noted, defendant's tendered instruction omitted subsection (c) of 11—1301 which suspends the applicability of the section in emergency situations where it is impossible to avoid stopping and temporarily leaving a disabled vehicle on the roadway. A mechanical breakdown or failure may constitute an emergency which would justify the stopping of a vehicle on the roadway. (*James v. Motor Transit Management Co.*, 260 Ill. App. 246.) Subsection (a) of 11—1301 provides that motor vehicles must be removed from the highway "when it is

practicable to stop." Subsection (c) holds the section inapplicable when a vehicle "is disabled while on the roadway in such manner and to such extent that it is impossible to avoid stopping * * *."

> "Both sections contemplate that there are many circumstances to be considered in determining whether the leaving of the vehicle on the highway is justified. Such circumstances would include the character of the vehicle, the nature of the disabling condition, as well as the adjacent terrain and the resources or means available to move such vehicle from the highway." *Sutton v. Harrison*, 117 Ill. App. 2d 225, 230, 253 N.E.2d 592.

■■ The failure of the proffered instruction to include subsection (c) of section 11—1301 rendered the instruction confusing and was an inaccurate statement of the law. From the portion of the statute quoted, the jury might well have been led to believe that the plaintiff was under an unqualified duty to move her vehicle off the roadway without regard to the attendant circumstances of the hood obstruction, drop in the shoulder and the relatively high speed of travel. This is not an accurate statement of the law. Accordingly, we believe defendant's instruction number two was properly refused. (See also *Sphatt v. Tulley*, 38 Ill. App. 2d 229, 186 N.E.2d 670, where the trial court properly refused an instruction based on Supplement 3(3)(b) of the Rules and Regulations of the Illinois State Toll Highway Commission which failed to include the subsection which suspended the application of the minimum speed limit under certain circumstances. The court held the tendered instruction to be confusing and an inaccurate statement of the law.)

Defendant's alternative grounds for reversal allege the verdict of $100,000 was so excessive as to indicate bias or prejudice on the part of the jury. Following the accident in December of 1971, plaintiff missed approximately four weeks of work. She then resumed her employment for one year before losing her job as a result, she testified, of an inability to use her right arm. Her wage loss from the date of the accident to the date of the trial in June of 1975 was alleged to total $10,000.

The medical testimony indicates plaintiff suffered a cervical sprain with pressure on the greater occipital nerve, which is the second cervical nerve, resulting in a scar formation extending to the seventh cervical vertebra. This resulted in headache, muscle spasms in the neck, depression, pain and numbness in her right arm and fingers which precludes her from lifting over 10-15 pounds. She will require hospitalization every few years for extensive therapy not available on an outpatient basis. Plaintiff's medical expenses amounted to $5000 by the time of trial, including a three-week term in the hospital in February 1973.

■■ On review, the appellate court may examine the damage award

and order a remittitur or a new trial in appropriate cases. (*Smith v. Illinois Central R.R. Co.*, 29 Ill. App. 2d 168, 172 N.E.2d 803.) However, "[t]he very nature of personal injury cases makes it impossible to establish a precise formula to determine that one award is excessive and another is not." (*Rogers v. Gehrke*, 77 Ill. App. 2d 343, 345, 222 N.E.2d 351.) The limits of a verdict must of necessity be flexible and unless the total amount of the verdict falls outside this limit, or is so large as to shock the judicial conscience, a reviewing court will not disturb the award. (*Hedrich v. Borden Co.*, 100 Ill. App. 2d 237, 241 N.E.2d 546.) The determination of an adequate verdict is peculiarly within the province of the jury and great weight must be given to its determination and on the rulings of the trial court on the post-trial motion. *Lau v. West Towns Bus Co.*, 16 Ill. 2d 442, 158 N.E.2d 63.

In the case at bar the plaintiff suffered serious injuries of a permanent nature that will require therapy all of her life. The use of her right arm is extremely limited and she suffers from pain, depression, and headaches. While the verdict is large, the injuries are serious and we cannot say the amount of the award is so excessive as to shock the judicial conscience.

Affirmed.

CARTER, P. J., and EBERSPACHER, J., concur.