APCON CORPORATION, d/b/a University Asphalt Company, Inc., Plaintiff-Appellee, v. CHARLES E. DUNN, Defendant-Appellant.

Fourth District   No. 4—90—0119

Opinion filed October 25, 1990.

Richard R. Harden, of Thomas, Mamer & Haughey, of Champaign, for appellant.

D. Cameron Dobbins, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The defendant appeals a trial court's finding of negligence in favor of the plaintiff. On October 29, 1986, the defendant, Charles Dunn, was the driver of a GMC "Suburban" vehicle which was towing a jeep. Defendant had 15 to 20 years' previous experience towing jeeps, cars, trailers, and had done so on paved highways, on gravel roads and on shoulders of roads. On the day in question, as he was driving north on I-57 and approaching the location where I-72 merged into this highway, defendant became aware of construction taking place on this intersection. The construction involved a resurfacing operation conducted by plaintiff, Apcon Corporation. The work area under construction was set off by reflective red barrels which directed all traffic into what normally was the left lane of traffic. The merge lane from I-72 was also directed by these barrels into this left lane.

It was defendant's testimony that upon entering this construction area, and before he arrived at the point where he expected traffic to

merge, he suddenly saw a "reddish" car in his right window coming at him from the side, apparently cutting in between the red barrels. The defendant testified he then drove to the left to avoid a collision. When he did so, defendant's vehicle went off the paved portion of the road and onto the crushed stone shoulder. There is a dispute of fact as to exactly how far defendant's vehicle traveled on this shoulder. It is undisputed, however, that defendant did bring the vehicle back onto the pavement without coming to a stop, going at least 20 to 25 miles per hour. Upon bringing the vehicle back on the paved highway, the jeep in tow began to whip back and forth until it eventually flipped over and burned on the area repaved by the plaintiff, causing $4,882.20 worth of damage to this repavement.

A witness who was driving a truck behind the defendant at the time of the accident testified that he did not see the reddish car come out from between the barrels, but did observe the reddish car enter I-57 directly behind the jeep. This witness also observed that upon defendant's vehicle returning to the right-hand lane, the jeep began to sway and eventually tipped over. The witness also testified that while he did not observe defendant's vehicle leaving the paved portion of the highway, he did observe that once it moved left, it moved quickly back to the right. The witness also stated the reddish car did not change speed upon merging, and was at one time directly alongside of defendant's vehicle, driving very close to it. It is uncontradicted that the red car never made contact with defendant's vehicle. Another witness, one of defendant's passengers, testified he felt the defendant's vehicle jerk as it returned to the pavement.

The trial court held the defendant was negligent and was liable for the above-mentioned damages, the amount of which was stipulated to by both parties. In its denial of a post-trial motion to reconsider, the court stated it would give the defendant the benefit of the doubt in that at the instant of the occurrence, the defendant believed himself to be in peril. The court held the application of the emergency doctrine was proper in this context in that a reasonably prudent person under these circumstances would have moved to the left. The court observed that if the jeep had flipped over because of this initial movement to the left, the defendant would not be liable. However, the court referred to the word "jerked" and determined this was of utmost significance to this case. As such, the court found it was not the movement left which was negligent but the movement to the right, back onto the pavement, which was done in such a negligent manner as to be the proximate cause of the accident, and was not affected by the emergency doctrine.

On appeal, the defendant argues the facts are undisputed that the

reddish car cut through the barrels suddenly, coming very close to defendant's vehicle, causing defendant to move to the left to avoid a collision. As such, defendant contends the emergency doctrine applies to all defendant's actions, by which the defendant did not deviate from what a reasonably prudent person would do under these circumstances, making the trial court's finding of negligence against the manifest weight of evidence.

■ It is well settled that where a trial court, sitting without a jury, hears a negligence case and finds for the plaintiff, such finding will not be overturned unless against the manifest weight of evidence. (*Reese v. Laymon* (1954), 2 Ill. 2d 614, 624, 119 N.E.2d 271, 276.) For a finding to be against the manifest weight of evidence, it must be shown conclusions opposite to the trial court's finding are clearly evident. (*Gary-Wheaton Bank v. Meyer* (1984), 130 Ill. App. 3d 87, 96, 473 N.E.2d 548, 555.) The defendant cites *Gary-Wheaton* and argues this appeal involves only undisputed facts, making an opposite conclusion from the finding of negligence clearly evident. Yet throughout this case, plaintiff disputed the reddish car cut through the barrels. The picture exhibits included in the record are inconclusive at best as to the location of the merge lane, barrels, and tire marks. The witness truck driver did not see the reddish car cut through the barrels. The only witness to this contention is the defendant himself.

■ It is also disputed as to how fast or suddenly the defendant pulled his vehicle back on the paved road. The defendant claimed he "eased it back up on the *** road," while the plaintiff claimed the defendant "jerked" the vehicle back on the road. Furthermore, a witness passenger testified "it [defendant's vehicle] jerked when it come [*sic*] back up on the road." As such, material facts in this case are clearly disputed. It is therefore not clearly evident the trial judge, who heard the evidence and saw the witnesses, made an improper finding based on these facts.

■ "The general rule is that liability must be based on some fault. The injury must be the natural and probable result of a negligent act or condition and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence." (*Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 78, 219 N.E.2d 483, 485.) The defendant cites *Lukasik v. Hajdas* (1968), 104 Ill. App. 2d 1, 244 N.E.2d 404, to support his contention the emergency doctrine applies to defendant's actions in their entirety, that defendant did indeed exercise the standard of care of a reasonably prudent person under this emergency circumstance. However, *Lukasik* is distinguishable from this case on its facts. In *Lukasik*, only the defendant presented evidence of

the incident. He testified it was raining, an unidentified woman turned into him, her highway lights blinded him, he turned to the right to avoid a head-on collision and, in so doing, struck the plaintiff's car.

> "When faced with a sudden emergency or imminent peril, the driver of an automobile must exercise that degree of care and caution which an ordinarily prudent and careful person would exercise under the circumstances." *Ball v. Continental Southern Lines, Inc.* (1977), 45 Ill. App. 3d 827, 829, 360 N.E.2d 81, 83.

In applying the emergency doctrine, the emergency must arise without fault on the part of the person seeking its shield. The circumstances creating the emergency are factors to be considered in determining whether defendant was negligent. The trial court also could determine whether the emergency was ongoing, whether defendant had sufficient time to determine the best course of conduct to pursue, and whether the defendant acted as a prudent man under the circumstances.

Defendant admitted he was very experienced at towing such vehicles as the jeep. The trial court, while holding the emergency doctrine validly applied to his initial movement to the left, could properly find his movement to the right back onto the pavement was not precipitated by this initial emergency, that a reasonably prudent person with such experience in towing vehicles would not have made such a rapid reentry onto the pavement, that this action was negligent, and this negligence was the proximate cause of the accident and damage to the road. It is well settled the emergency doctrine does not apply when the motorist creates or contributes to the creation of the emergency. (*Klein v. Pritikin* (1972), 6 Ill. App. 3d 323, 327, 285 N.E.2d 457, 459.) Accordingly, the trial court could properly find a driver of such experience, knowing he was towing a vehicle, would have slowed gradually to a stop and waited until he could have gradually returned to the pavement and reenter traffic, rather than turning suddenly onto the pavement and thereby creating the swaying and resulting damage of the jeep. The defendant's evasive action to avoid the reddish car may fall within the emergency doctrine. His actions and the necessity in returning to the roadway could properly be found not to be the continuation of an emergency. The finding of the trial court that such a sudden maneuver was negligently made is therefore not against the manifest weight of evidence.

For the foregoing reasons, the findings of the trial court are affirmed.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.