Gary W. Patton and Ethel J. Patton, Plaintiffs-Appellants, v. Harry L. Titus, Robert N. Titus and Warren Smith, Individually and d/b/a Titus Brothers and Cecil B. Smith, Defendants-Appellees.

Gen. No. 66–63.

Second District.

December 29, 1966.

Harold P. Block, of Mundelein, for appellants.

Hall, Meyer, Fisher, Van Deusen, Holmberg & Snook, of Waukegan, for appellees.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

On December 18, 1960, an automobile collision occurred at the intersection of Milwaukee and Park Avenues in Libertyville, Illinois, between an automobile driven by the plaintiff Gary W. Patton and owned by his wife, Ethel J. Patton, and a small panel delivery truck driven by Cecil B. Smith and owned by his employers, Harry L. Titus, Robert N. Titus and Warren Smith, d/b/a Titus Brothers.

The intersection was controlled by stop and go lights. Plaintiff Gary Patton and two disinterested witnesses testified that he was proceeding east on Park Avenue with the green light in his favor when the panel truck driven northerly on Milwaukee Avenue by Cecil B. Smith, passed the red traffic light, entered the Park Avenue-Milwaukee Avenue intersection, and collided with Patton's vehicle. As a result of the accident, Gary Patton suffered personal injuries and the automobile belonging to Mrs. Patton was damaged.

The Pattons filed suit against Cecil B. Smith and the partners of Titus Brothers charging Cecil B. Smith with negligence and charging liability upon the partners on the basis of respondeat superior.

Cecil B. Smith filed a pro se answer and appearance and was not represented by counsel during the trial. Defendant partners filed an appearance and answer by counsel. Their answer denied that during the accident Cecil B. Smith was in the course of his employment and was acting as their agent. The answer further denied that Cecil B. Smith was using the truck with permission, knowledge or authorization of the partners.

The jury returned a verdict in favor of the plaintiffs and against all defendants in the sum of $5,000. Two special interrogatories were tendered by the defendant partners and were given over the objection of the plaintiffs. These interrogatories and the answers are as follows:

> "At the time of the occurrence in question, was Cecil B. Smith driving the Titus Brothers truck with the permission of Harry L. Titus, Robert N. Titus, or Warren Smith, doing business as Titus Brothers?
>
> "Answer: Yes.
>
> "At the time of the occurrence in question, was Cecil B. Smith acting within the course of his employment?
>
> "Answer: No."

On post-trial motion the trial court found that in view of the jury's answer that Cecil B. Smith was not acting within the course of his employment at the time of the accident, the general verdict against the defendant partners was contrary to the special interrogatory and therefore could not stand. The court also found that there was no evidence in the record sustaining the answer to the special interrogatory on the issue of permission and found that the permission special interrogatory involved an immaterial issue not vital to the case. The court ordered that the general verdict against the defendant partners

be set aside and vacated; that the verdict against the defendant Cecil B. Smith stand as entered; and that the special interrogatory pertaining to the question of permission be set aside and held for naught. Pursuant to section 68.1 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 68.1), the trial court conditionally ordered that in event the foregoing unconditional orders were reversed, then the defendant partners were granted a new trial.

The plaintiffs appeal from the judgment in favor of the defendant partners and also filed in this court a motion for leave to amend the complaint to allege negligence on the part of the defendant partners for entrusting the possession of the truck to an unlicensed driver, Cecil B. Smith, and permitting him to drive the truck. The motion was taken with the case.

This court is now faced with the double anomaly of the defendant partners having interjected into the case, by means of their answer and the tendering of the special interrogatory, the issue of permission and now urging upon us the immateriality of the permission question, while the plaintiffs, after having objected to the special interrogatory on permission at the trial, now urge upon us the new motion to amend the complaint in this court whereby they allege the theory of negligent entrustment based upon the affirmative answer by the jury to that special interrogatory.

We feel that these issues may be resolved by an analysis of the propriety of the trial court's finding that the answer of the jury to the special interrogatory on permission was contrary to the manifest weight of the evidence. The trial court may and ought to set aside a special interrogatory on a single issue where the finding in the interrogatory is contrary to the manifest weight of the evidence. Peach v. Peach, 73 Ill App2d 72, 79–80,

406

218 NE2d 504 (1966); Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 136, 200 NE2d 128 (1964) and Young v. Illinois Cent. R. Co., 319 Ill App 311, 322, 49 NE2d 268 (1943).

Defendant Cecil B. Smith testified that he did not own an automobile; that at the time of the accident he had lived in Illinois for about a year and resided in a building owned by Titus Brothers; that he did not have an Illinois driver's license but did have a Virginia driver's license issued by the State of Virginia and that he owned an automobile when he lived in Virginia. He testified that when Warren Smith found out that he did not have an Illinois driver's license he asked Cecil not to drive the truck anymore.

Cecil further testified that on December 17, 1960, one of his employers, Warren Smith, asked if the truck could be parked in his driveway over the weekend. Warren said that Bill Smith (Warren's brother and an employee of the firm) had to go to the hospital to see his wife. Cecil said that he agreed that the truck could be left in his driveway. At the end of the working day Bill Smith took the truck and drove Cecil home and left the truck in Cecil's driveway. The key was left in the glove compartment. Another employee drove to Cecil's house and picked up Bill Smith to take him to the hospital. Later Cecil's son-in-law came home, backed the truck out into the street, put his car in the garage and pulled the truck back into the driveway. The son-in-law left the keys to the truck in the kitchen of the residence. At the time of the accident Cecil was going to a store to buy a carton of soda pop and was not doing anything in connection with Titus Brothers' business.

Warren Smith testified that he had told Cecil never to drive the truck and on the day before the accident he had asked Cecil if the truck could be parked in his driveway because he was the only employee who lived in

Libertyville and, who at that time, was not already driving a truck and Cecil agreed.

 Cecil B. Smith and Warren Smith were the only witnesses who testified with reference to the permission question. In light of the testimony offered the trial court could well conclude that there was insufficient evidence to sustain any finding of permission and that the jury's answer to the special interrogatory was contrary to the manifest weight of the evidence. For this reason the trial court's judgment order should be affirmed and the motion for leave to file an amended complaint alleging negligent entrustment should be denied.

The motion for leave to file an amended complaint is denied.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.