Christopher Izzo, Plaintiff-Appellee, v. L. Walter Zera, Defendant-Appellant.

Gen. No. 64–47.

Third District.

March 26, 1965.

Joseph Lanuti, of Ottawa, and John J. Clinch, Jr., of Peru, for appellant.

Berry & O'Connor, of Ottawa, and Herbolsheimer & Lannon, of LaSalle, for appellee.

ALLOY, P. J.

This is an appeal from a judgment in favor of plaintiff Christopher Izzo against defendant L. Walter Zera in the sum of $35,000 based upon the verdict of a jury. The action was instituted by plaintiff for personal injuries and a counterclaim was filed by defendant for personal injuries as a result of the accident. On appeal in this court, defendant makes two basic contentions: first, that the verdict and judgment are against the manifest weight of the evidence and, second, that the verdict is so excessive as to require a new trial.

While the evidence of witnesses was conflicting, the record indicates that the defendant Zera, a building contractor, was driving his Ford pickup truck to a job site located about 150 feet east of the intersection of Hennepin and Sixth Streets in LaSalle, Illinois, at which intersection the collision which is the basis of the action took place. Plaintiff was driving an Oldsmobile sedan owned by him at the time. The weather was clear and the pavement dry and there was no obstruction to visibility. Defendant testified that he turned left onto Sixth Street from Route 51 and proceeded easterly to the intersection of Sixth and Hennepin Streets, an open unregulated intersection 25 feet wide, which is one block east of Route 51 and with which defendant is familiar. There were no stop signs on any of the corners. Defendant also stated that he saw an automobile 80 to 90 feet to the south of the intersection and on his right on Hennepin Street, the speed of which he did not judge. He did not de-

crease his speed or blow his horn or stop but proceeded into the intersection and the impact occurred in the middle of the intersection. There was evidence that defendant did not apply his brakes prior to the collision.

Plaintiff, age 39, the department head of instrumental music at LaSalle-Peru Township High School at the time of the collision was a woodwind instructor. After taking four neighborhood children to a school a block south of the place of collision, plaintiff turned left onto Hennepin Street and proceeded north on the street. He stated that he proceeded northerly on Hennepin Street at a speed of 20 to 25 miles per hour. He testified that when he was in the vicinity of 30 to 40 feet south of the intersection of Sixth and Hennepin Streets he looked to his left and saw defendant's truck which he judged to be well over 100 feet west of the intersection. He stated that he was reasonably sure that he could safely pass through the intersection because he had the right-of-way and since he was much closer to the intersection, and felt that the defendant would yield the right-of-way to him. When he looked again to the left he saw that the truck was 15 to 20 feet from the intersection and traveling at a speed of 40 to 45 miles per hour. He testified that he sensed that the defendant was not going to stop and applied his brakes and tried to move to the right to avoid collision but that the right front portion of defendant's vehicle struck the left portion of the automobile driven by plaintiff in the upper southeast section of the intersection. A second contact was made when the right rear of the defendant's truck and the left rear of the plaintiff's automobile collided. At the moment of impact, plaintiff hit the left side of his head and his head snapped back causing immediate pain.

Plaintiff was immediately hospitalized and treated. At the direction of the doctor, following X rays, he

began wearing a neck brace which brace was constantly worn from the date of the accident in March until graduation in June and thereafter part of the time. He also developed pain in his jaw which became worse and caused severe headaches. It became very painful for him to play musical instruments and to open his mouth.

Plaintiff was a professional musician and had trained his jaw over many years commencing wood-winds when he was seven years of age and continuing his studies at the Julliard Conservatory in New York and the Ithaca College of Music, soloing with the clarinet and playing first oboe in the symphony. The position of the jaw and mouth developed over a period of years of playing is called embrochure without which it is impossible to play well. As part of the treatment for his injuries, the plaintiff's jaw sockets were in-jected by a specialist, which caused very severe pain lasting over several weeks. The jaw was closed almost 100% requiring food to be taken through a straw. It then loosened to almost 50% of normal but the bite was not normal and the jaw shifts to the left or right when chewing food. On recommendation of the spe-cialist, a dentist ground plaintiff's teeth many times trying to secure a straight bite without success. Plain-tiff's right shoulder was also damaged so as to leave him with residual pain for which he takes aspirin or pain pills.

■■■ We have frequently observed that when a jury passes upon questions of fact, its findings will not be set aside as being against the manifest weight of the evidence unless it appears that such findings are clearly or palpably against and contrary to the manifest weight of the evidence (Collister v. Allen E. Kroblin, Inc., 30 Ill App2d 288, 292, 174 NE2d 911; Robinson v. Workman, 15 Ill App2d 25, 31–32, 145 NE2d 265). A verdict cannot be said to be against the manifest

weight of the evidence unless an opposite conclusion is clearly evident (Hinrichs v. Gummow, 41 Ill App2d 428, 433, 190 NE2d 610; Robinson v. Workman, supra). In considering the motion made in the trial court for judgment notwithstanding the verdict and for new trial, the trial court was confronted with these considerations likewise. Under the facts in the particular case, the circumstance that plaintiff had the right-of-way was a factor for consideration. We are conscious that the possession of the right-of-way does not relieve a motorist entitled to it from the duty of exercising due care to avoid injury, but that he may, under proper circumstances, assume that the motorist approaching the intersection on his left will observe the law and respect his right (Pantlen v. Gottschalk, 21 Ill App2d 163, 175, 157 NE2d 548). Similarly, the credibility of witnesses including parties to the case is for the jury to determine and evidence of prior statements even if inconsistent does not afford substantive proof of the truth of the facts which may be stated therein, but the jury is at liberty to draw an inference that the witness was either mistaken or corrupt in his testimony (Oldham v. Kubinski, 37 Ill App2d 65, 78, 185 NE2d 270; Haskell v. Siegmund, 28 Ill App2d 1, 11, 170 NE2d 393).

 The most that could be said about the evidence in this cause was that it was conflicting. The jury heard the witnesses and chose to select the plaintiff's theory of the cause, found defendant guilty of negligence and plaintiff free from contributory negligence. The action of the jury in determining such disputed questions of fact should not, under the record in this cause, be disturbed as being contrary to the manifest weight of the evidence.

Similarly, we find nothing in the record to indicate that the jury was excited either by passion or prejudice either from the facts in evidence or the amount of the verdict. In addition to the other difficulties which

plaintiff, a professional musician, had suffered, there was evidence that he might have had a substantial source of revenue from private teaching of woodwinds which he had pursued in the past, but which he was not able to continue by reason of the accident. He was also not able to continue fulfilling one night or weekend engagements in the Chicago area which might have produced a substantial amount of income for him. The record also shows that he made efforts to return to his normal playing and teaching activities without success. It is true that he had a salary increase following the time of the accident, but this apparently was a routine increase and he still suffers from his disability in being unable to do some demonstrating and perform for extended periods.

The jury had the right to consider the loss of earnings reasonably certain to be received in the future, the nature, extent and duration of the injuries received, the pain and suffering experienced and reasonably certain to be experienced in the future, and the reasonable expense of medical care and disability resulting from the injuries (Donk Bros. Coal & Coke Co. v. Thil, 228 Ill 233, 241, 81 NE 857). On the record before us it is apparent that the plaintiff has been severely and permanently incapacitated and damaged as a result of the collision. The question of damages is ordinarily one for the jury unless reasonable men would consider the verdict excessive. We have no right to substitute our conclusions as to damages or liability if a fair jury question is shown by the record. Since there was no evidence from which we can infer that passion and prejudice played a part in the jury's verdict and since the verdict is not palpably excessive under the record before us it cannot be set aside on appeal nor can we conclude that a remittitur should have been granted (Smith v. Illinois Valley Ice Cream Co., 20 Ill App2d 312, 330–331, 156 NE2d 361; Barango

v. E. L. Hedstrom Coal Co., 12 Ill App2d 118, 138, 138 NE2d 829). We must, therefore, conclude that the judgment of the Circuit Court of LaSalle County on the record before us should be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.