**Rosetta Houston, Plaintiff-Appellee, v. Leyden Motor Coach Co., Defendant-Appellant.**

**Gen. No. 52,351.**

First District, Third Division.

November 21, 1968.

 █

Herbert L. Caplan, of Chicago (Herbert L. Caplan and Richard J. Aronson, of counsel), for appellant.

Hickey, Gustafson and Peterson, of Chicago (Edward Wolfe, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

The defendant appeals from an order sustaining the plaintiff's motion to set aside the jury's answer to the special interrogatory and to grant a new trial. It was stipulated by both parties that the trial court's sole reason for setting aside the special finding was that the special finding was against the manifest weight of the evidence.

The only contention now raised by the defendant is that the special finding was not contrary to the manifest weight of the evidence and, therefore, its motion to enter judgment on the special finding in favor of the defendant should have been granted.

The plaintiff brought this action against the defendant for personal injuries which she allegedly sustained while attempting to step off a bus owned by the defendant.

The complaint alleged that the defendant was liable for her injuries on the sole theory that the driver of the bus, while acting as an agent of the defendant company, "carelessly and negligently controlled the exit doors of the bus." The driver was not a party to the action.

At trial the testimony of three witnesses was presented. The plaintiff testified that when the bus reached her destination she went to the front of the bus, and when the bus came to a stop she stepped down to the last or lower step before the door at the front of the bus. According to the plaintiff, the doors opened and as she started to step down the driver closed the doors and she was squeezed and held between both door panels. She testified that the doors remained closed upon her for about thirty seconds until the driver finally succeeded in opening the doors. Plaintiff described her resultant injuries to the right side of her body. The plaintiff further stated that after the doors were finally opened, the driver said: "I was excited. I couldn't open the doors." She denied that the doors touched any part of her body as they were opening.

The driver, Mr. Glen Baer, testified that on the day in question the weather was cold, and, as a result, the doors opened more slowly than usual. The doors were folding panels which were opened and closed by the driver's operating a lever beside him. It was admitted that the bus was one of the oldest in operation. Mr. Baer testified that he could see the plaintiff as she was facing the door while she was waiting to exit. The driver's version of the accident differed substantially from the plaintiff's testimony. He stated that he opened the doors and as the panels were drawing back slowly, the plaintiff stepped into the opening doors and apparently caught her foot in one of the panels. Since the plaintiff was standing in the lower stairwell, the driver was not certain as to which foot was being squeezed.

An eyewitness, Mrs. Lois McNight Gunder, was called by the defendant and testified as follows. On the date in question, she was a passenger on the same bus and was sitting directly behind the driver on the long seat which faced the front door of the bus. Mrs. Gunder testified that before the doors had completely opened, the plaintiff began to disembark at which time the door which was opening slowly passed over the plaintiff's boot, and as the plaintiff touched the ground she uttered a moan. At no time did the witness see the doors close upon the plaintiff.

The following special interrogatory was submitted to the jury: "Was the driver of the bus, Glen Baer, guilty of negligence which proximately caused injury to the plaintiff at the time of the occurrence?" The jury returned a verdict of $2,500 for the plaintiff and also responded in the negative to the special interrogatory. The trial judge set aside this answer and granted a new trial for the sole reason that the answer to the special interrogatory was against the manifest weight of the evidence.

The plaintiff neither pleaded nor proved that the defendant's liability was also predicated on the theory that the defendant had been guilty of negligent maintenance of the bus. It was established that the bus was old and that the low temperature caused the doors to open slowly, but such evidence was not sufficient for the trier of fact to find liability based upon faulty maintenance even if the maintenance theory had been properly pleaded. Therefore, it becomes apparent that the jury's special finding that the defendant's agent was not negligent was irreconcilable and inconsistent with the general verdict rendered in favor of the plaintiff.

▇ When a special finding on an ultimate issue of fact is inconsistent with the general verdict, the special verdict controls the general verdict. This rule has been legislatively recognized in section 65 of the Civil Practice

Act and by numerous decisions. The basis for the rule has been said to be that a jury more clearly comprehends a particularized special interrogatory than a composite of all the questions in a case, and therefore a special finding upon which a jury has presumably more intensively focused its attention should prevail. Borries v. Z. Frank, Inc., 37 Ill2d 263, 226 NE2d 16.

██ It is true that a trial judge may and ought to set aside the answer to a special interrogatory where the finding is against the manifest weight of the evidence. Patton v. Titus, 77 Ill App2d 403, 222 NE2d 573; Peach v. Peach, 73 Ill App2d 72, 218 NE2d 504; Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 200 NE2d 128 (affd 33 Ill2d 103, 210 NE2d 191); and it is proper for a new trial to be granted where such a finding is contrary to the manifest weight of the evidence. Freeman v. Chicago Transit Authority, supra.

██ However, the defendant contends that in the instant case, it was error to grant a new trial because the special finding was not against the manifest weight of the evidence. To be against the manifest weight of the evidence requires that an opposite conclusion be clearly evident. Arboit v. Gateway Transp. Co., 15 Ill App2d 500, 146 NE2d 582. "Manifest" means clearly evident, clear, plain, indisputable. Schneiderman v. Interstate Transit Lines, Inc., 331 Ill App 143, 72 NE2d 705.

 After a careful examination of the record, we conclude that the jury's finding that the driver was not negligent was not against the manifest weight of the evidence. The jury was confronted with conflicting testimony as to whether the doors of the bus prematurely closed upon the plaintiff or whether the plaintiff entrapped herself in the doors as the doors were opening. If the jury accepted the testimony of the driver and of the eyewitness, it would be perfectly warranted in concluding that the driver was in no way careless or negligent in

his control of the exit doors. The plaintiff's brief places great stress on the attempts made to impeach the testimony of these two witnesses. These efforts were made before the jury and were to be evaluated by the jury. The trial judge cannot substitute his judgment for that of the jury as to the credibility of the witnesses so as to conclude that the special finding is against the manifest weight of the evidence. It is the function of the jury to weigh contradictory evidence, to judge the credibility of the witnesses, and to draw the ultimate conclusions as to the facts. Finley v. New York Cent. R. Co., 19 Ill2d 428, 167 NE2d 212. Its conclusion should not be set aside merely because different conclusions could be drawn or because the trial judge feels that other results are more reasonable. Dowler v. New York, C., & St. L. R. Co., 5 Ill2d 125, 125 NE2d 41.

 Since the special finding was not against the manifest weight of the evidence, that finding is binding on the trial court. Paul v. Garman, 310 Ill App 447, 34 NE2d 884; Todd v. Borowski, 25 Ill App2d 367, 166 NE2d 296. In Borries v. Z. Frank, Inc., supra, the Supreme Court affirmed the trial court's judgment on the inconsistent special finding and reversed the Appellate Court's decision which ordered a new trial due to the inconsistency. After concluding that the special finding was not against the manifest weight of the evidence, the court stated at page 266:

> "To now hold, as plaintiff urges we do, that the jury's confusion manifested by the inconsistent special finding and general verdict automatically necessitates a new trial would patently nullify the pertinent provision of section 65 (of the Civil Practice Act) . . . ."

We therefore believe, under the facts and pleading of the instant case, that the jury's finding upon the special

interrogatory should not have been stricken and that the defendant's motion for judgment on the special finding should have been granted.

Accordingly, the order granting a new trial is reversed and the cause remanded with directions to enter judgment on the special finding in favor of the defendant.

Reversed and remanded with directions.

DEMPSEY, P. J. and SCHWARTZ, J., concur.