MITCHELL L. KLEIN et al., Plaintiffs-Appellants, v. JUNE L. PRITIKIN et al., Defendants-Appellees.

(No. 54725;

First District—June 22, 1972.

*Rehearing denied July 19, 1972.*

Bernard Davis, Sheldon Hodes, and Alan J. Scheffres, all of Chicago, for appellants.

Tim Harrington, Shelmerdeans Miller, Robert J. T. Guilfoyle, and Francis Patrick Smith, all of Chicago, for appellee June L. Pritikin.

Wildman, Harrold, Allen & Dixon, of Chicago, (Howard T. Brinton and John J. Arado, of counsel,) for appellee Loren K. Hutchinson.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This action arose from a three-automobile collision which occurred about 6:00 P.M., on a rainy day in May, 1966, at the intersection of Kenton and Davis Streets, Skokie. Mitchell Klein, a high school student, was driving a Triumph sports car south on Kenton; Loren Hutchinson, a business executive, was driving a Cadillac north on the same street; June Pritikin, a housewife accompanied by three minor children, was driving a Buick west on Davis. All of the cars entered the intersection about the same time. The westbound Buick and the northbound Cadillac collided and the latter was propelled into the path of the southbound Triumph.

Klein sued Hutchinson and Pritikin for personal injuries. Kay's Kitchens, Inc., sued the same defendants for property damage to the auto driven by Klein. A jury returned a verdict for both defendants and a special interrogatory finding Klein guilty of contributory negligence. The plaintiffs seek a new trial. Klein contends that the verdict should be vacated and the interrogatory set aside because both were against the manifest weight of the evidence. Kay's Kitchens contends that there was no evidence of negligence on its part.

Klein testified that when he was 250 feet north of Davis he saw Hutchinson's Cadillac 200 feet to the south of that street. When he first saw Pritikin's Buick it was 75 feet east of Kenton; he estimated its speed at 40 to 45 miles an hour. He said he slowed down to 15 miles an hour before starting across Davis and that he was closer to the intersection than the Buick, and the Cadillac was almost through. The Cadillac accelerated and was four-fifths of the way across Kenton when it was struck by the Buick. The collision caused the Cadillac to swing like a "baseball bat" into his Triumph and he could not get out of the way. His small car was hurled backwards over the curb and came to a stop on the parkway.

Hutchinson testified that when he was seven feet or so south of Davis he noticed the Buick 200 feet to the east approaching Kenton at an excessive speed. Davis was bisected by a grass median, 12 feet wide. As Hutchinson passed the strip at 15 miles an hour he realized that the Buick was not slowing down; he attempted to speed up but was hit by the Buick as he was crossing the westbound lane. He swerved to the left into the southbound lanes of traffic and was struck by the Triumph.

Pritikin testified that her speed was only 20 miles an hour, and when she was approximately 40 feet from the intersection the Cadillac and Triumph were 60 feet away. The Cadillac's speed did not alarm her; however, she heard the roar of a motor "bursting forth" and saw the Triumph increase its speed. She was then well into the intersection and slowed down almost to a stop and the Cadillac rammed into her car. After the accident Klein rushed over to her, called her a profane name and exclaimed, "Look at what you did to my car. Look at what you did to my car."

A Skokie police officer arrived at this time; he heard the end of the conversation and observed the positions of the cars. The Buick was about 17 feet into the intersection. The front of the Cadillac was within eight feet of the north side of Davis and the Triumph was 29 feet north of that street. When the officer talked to the parties, Pritikin said she was struck by Klein who was driving very fast. Hutchinson said he spun into Klein after being hit by Pritikin. Klein said he was going 25 miles an hour; that Pritikin ran into Hutchinson who, in turn, struck him.

■■ From the evidence, and the further conflicting testimony of the parties which we have not detailed, the jury, depending upon what and whom it believed, could have concluded that all the participants were negligent to some degree: Pritikin in exceeding the speed limit, not maintaining a proper lookout and failing to yield the right-of-way to the Cadillac which had entered the intersection before she did; Hutchinson in not giving way to the car on his right and in attempting to beat the fast-moving Buick through the intersection which had neither stoplights nor regulatory signs; Klein, who by his own testimony knew the speed of the Buick and that the intersection was dangerous, in "revving up" his motor and bolting into Davis Street despite the wet pavement and the on-rushing Buick.

■■ Kenton is 32 feet wide. The Buick was quite a way into that street when it and the Cadillac crashed. The Cadillac then swung to the west side of Kenton—all this, before the impact between the Cadillac and the Triumph. From this evidence the jury could have reasoned that Klein was the last one to enter the intersection and that he did so in the face of imminent danger.

■■ Klein argues that he had the right to presume that the Buick would not continue to exceed the speed limit and, seeing such was not the case, he was confronted with an emergency situation and did not have to act with the same deliberation and foresight required under ordinary circumstances. The Buick was to Klein's left and under normal circumstances he would have had the right-of-way. (Ill. Rev. Stat. 1965, ch. 95½, par. 165(b).) However, the statute does not confer an absolute right-of-way or afford a motorist with the conclusive presumption that another driver will yield to that right. (*Quigley v. Crawford* (1958), 19 Ill.App.2d 454, 153 N.E.2d 867.) The right-of-way statute must be considered in regard to the speed and distance of the vehicles approaching or entering the intersecting streets. (*Bessett v. Loevy* (1956), 11 Ill.App.2d 482, 138 N.E.2d 56.) The possession of the right-of-way does not relieve a motorist from the duty of exercising due care to avoid injury. (*Izzo v. Zera* (1965), 57 Ill.App.2d 263, 205 N.E.2d 644.) Klein's argument that he was presented with an emergency situation does not overcome the jury's finding that he was negligent. A motorist who has himself created or contributed to the creation of the conditions of an emergency cannot excuse his conduct on the ground that he was forced to act in an emergency. *Graf v. Ford Motor Company* (1968), 102 Ill.App.2d 390, 243 N.E.2d 337.

■■ Klein and Hutchinson were in substantial agreement concerning the actions of Pritikin, and her versions of the accident were inconsistent. Although the preponderance of the evidence indicated that she was primarily at fault, her negligence did not excuse Klein's. There was substantial evidence to support the jury's finding that he was guilty of contributory negligence and, being the plaintiff, his own negligence defeats his claim for damages.

■■ A court of review will not overturn the verdict of a jury which has been approved by the trial judge unless it is against the manifest weight of the evidence. (*Skiba v. Ruby* (1969), 113 Ill.App.2d 170, 251 N.E.2d 771; *Rodriguez v. Chicago Transit Authority* (1965), 58 Ill.App.2d 150, 206 N.E.2d 828.) Likewise, the answer to a special interrogatory will not be set aside unless it is contrary to the manifest weight of the evidence. (*Houston v. Leyden Motor Coach Co.* (1968), 102 Ill.App.2d 348, 243 N.E.2d 293; *Peach v. Peach* (1966), 73 Ill.App.2d 72, 218 N.E.2d 504.) Neither the general verdict nor the jury's answer to the special interrogatory was against the manifest weight of the evidence and the judgment entered upon the verdict will be affirmed

The allegations in the plaintiffs' complaint concerning the damage to the Triumph recited that it was owned by Kay's Kitchens, Inc., and was damaged as a result of the negligence of Hutchinson and Pritikin. The

defendants denied the allegations. Kay's Kitchens contends that the jury's verdict against it is unsupported by evidence that it was negligent.

Mitchell Klein's parents controlled Kay's Kitchens. His mother testified that the sports car was purchased in the name of the company a month or a month and a half before the accident. Klein testified the Triumph was his; he said it was his first car and he had had it for three or four months. He also stated that it was owned by his parents and then said, qualifiedly, it was owned by his father's company. However, the evidence showed that Mitchell Klein used the Triumph as his personal property, and there was no evidence in the record why the corporate defendant required a sports car or what use it made of it. The trial judge declared, in ruling on the plaintiffs' post-trial motion, that the jury reasonably could have determined that Klein was the actual owner.

■■ Little attention was paid during the trial to the issue between Kay's Kitchens and the defendants. No jury instructions were offered concerning ownership of the automobile. The corporate plaintiff's theory of recovery, if it had one, was not made known to the jury by way of instructions or argument; in fact, the reference to its claim during its argument was minimal. The corporate plaintiff cannot press issues in this court which it neglected to do in the trial court (*Lawson v. Jorjorian* (1938), 293 Ill.App. 431, 12 N.E.2d 894) or be permitted to retry the issue of property damage because of the failure of its tactical ploy in that court.

■ Based upon the evidence, the jury could have inferred that Klein's parents bought the Triumph in the name of Kay's Kitchens and gave it to him as a gift, and that he, not they or the company, was its true owner. Although a *prima facie* presumption of ownership arises from a certificate of title, the presumption may be rebutted by other competent evidence of actual ownership. *People v. Disharoon* (1972), 5 Ill.App.3d 42, 282 N.E.2d 506; *Country Mutual Insurance Co. v. Murray* (1968), 97 Ill.App.2d 61, 239 N.E.2d 498; *American States Ins. Co. v. White* (1950), 341 Ill.App. 422, 94 N.E.2d 95

The jury's verdict and its answer to the special interrogatory were not contrary to the manifest weight of the evidence and the judgments are affirmed.

Judgments affirmed.

McGLOON, P. J., and McNAMARA, J., concur.