Dorothy G. Prange *et al.*, Plaintiffs-Appellees, *v.* Jack C. Wallenburg, Defendant-Appellant.

(No. 59193;

First District (3rd Division)—April 3, 1975.

Orner & Wasserman, of Chicago (Norton Wasserman and Gary K. Moore, of counsel), for appellant.

Blumenthal and Schwartz, of Chicago (Milton M. Blumenthal, Arthur F. Schwartz and Richard Lee Stavins, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This action arose out of an intersection collision in which the automobile operated by defendant Jack C. Wallenburg struck the automobile driven by plaintiff Dorothy Prange. In Count I of plaintiff's complaint, Dorothy Prange sought damages for personal injuries and damage to her automobile; in Count II her husband, plaintiff Jack Prange, sought damages for medical expenses and loss of consortium. The jury returned a general verdict for defendant and a special finding that plaintiff was contributorily negligent. Judgment was entered on the verdict.

After considering plaintiffs' post-trial motion the trial court set aside the special finding and general verdict, and entered judgment notwithstanding the verdict (*non obstante veredicto*) for plaintiffs on the issue

of liability, and a new trial on the issue of damages only, and conditionally awarded plaintiffs a new trial on all issues in the event the order of judgment *n.o.v.* and a new trial as to damages only is reversed. We granted defendant leave to appeal (Ill. Rev. Stat. 1971, ch. 110A, par. 306). We reverse the order of the trial court and enter judgment for defendant on the general verdict.

The issues raised on appeal are whether the trial court erred (1) in the order for a judgment *n.o.v.* for plaintiffs as to liability and for a new trial on the issue of damages only; and (2) in conditionally granting a new trial on all issues in the event the order of judgment *n.o.v.* and new trial for damages is reversed.

The facts giving rise to the instant litigation may be stated briefly. In the early afternoon on November 14, 1969, Mrs. Prange was driving her automobile westerly on 64th Street, approaching its intersection with Hamlin Avenue, in Chicago. 64th Street is a 4-lane undivided 2-way east-west residential street. Hamlin Avenue is an undivided 2-way north-south street; there are no traffic signals or controls at the intersection. Defendant was driving northbound on Hamlin Avenue and struck Mrs. Prange's vehicle within the intersection. Mrs. Prange's car was thrown against a street lamp post on the northwest corner of the intersection. The only direct evidence as to the occurrence was the testimony of Dorothy Prange and the defendant. The other evidence consisted of photographs of the damaged Prange automobile and the testimony of Mr. Prange and of the police officer who appeared on the scene some 10 minutes after the accident. The evidence as to liability is conflicting and will be set forth when pertinent.

At the close of all the evidence plaintiffs' motion for a directed verdict against defendant on the issue of liability, or, in the alternative, to find defendant guilty of negligence, was denied. The jury returned a general verdict for defendant, and in answer to a special interrogatory, found plaintiff had been contributorily negligent. Following a hearing on plaintiffs' post-trial motion, the court orally observed that it had been sure the jury would find for the plaintiffs and specifically find that plaintiff was not contributorily negligent. The court further expressed a doubt that the jury—which began its deliberation on the previous date—had deliberated very long the next morning and that it took the "easy way out" by signing the special interrogatory. The court orally observed, as to the reasons plaintiffs were not guilty of contributory negligence, that defendant in a hostile manner drove away an unknown eyewitness who "had she been available, we would really have known the truth," and that the defendant stated that whatever the police officer said was a lie.

The order entered by the trial court found *inter alia* that it had erred

in denying plaintiffs' alternative motions for directed verdict; the verdict is contrary to the manifest weight of the evidence; the special finding is contrary to the manifest weight of the evidence; the court erred in giving the special interrogatory; there was no competent evidence of contributory negligence of either plaintiff; and that the evidence overwhelmingly favors plaintiffs and establishes the negligence of defendant so that no contrary verdict on that evidence could ever stand.

■■■ The objections to the special interrogatory as raised in the trial court and on appeal were that there was no competent evidence of contributory negligence and that the interrogatory was misleading and confusing. Section 65 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 65) provides:

> "Verdict—Special interrogatories.
>
> Unless the nature of the case requires otherwise, the jury shall render a general verdict. The *jury* may be required by the court, *and must be required on request of any party, to find specially* upon any material question or questions of fact stated to them in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." (Emphasis supplied.)

The above provisions are clear. It has been held that the statute mandates the giving of a special interrogatory if it is upon an ultimate question of fact and is in proper form. (*Phillips v. Shell Oil Co.* (1973), 13 Ill.App.3d 512, 518, 300 N.E.2d 771.) The refusal to give a special interrogatory as to a plaintiff's contributory negligence has been held to be error in light of the mandatory requirement. (*Moyers v. Chicago & Eastern Illinois R. R. Co.* (1963), 43 Ill.App.2d 316, 193 N.E.2d 604.) The special interrogatory in the instant case asked: "Was the plaintiff, at the time and place in question, guilty of negligence which proximately contributed to cause the accident and injury in question?" It is neither confusing nor misleading. As will hereinafter appear, sufficient competent evidence was presented to require the giving of the special interrogatory.

■■ The answer to a special interrogatory may not be set aside unless it is contrary to the manifest weight of the evidence, which requires that an opposite conclusion be clearly evident. (*Houston v. Leydon Motor Coach Co.* (1968), 102 Ill.App.2d 348, 243 N.E.2d 293.) The underlying reason for the rule that an inconsistent special finding controls a general

verdict is that a jury more clearly comprehends a particularized special interrogatory than a composite of all the questions in a case, and therefore, a special finding upon which a jury has presumably more intensively focused its attention should prevail. (*Borries v. Z. Frank, Inc.* (1967), 37 Ill.2d 263, 266, 226 N.E.2d 16.) The distinction is rather carefully preserved between the evidentiary situation which will require a new trial and that which will justify direction of a verdict or judgment *n.o.v.*; verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 509, 510, 229 N.E.2d 504.

■■ In the instant case, inasmuch as the special finding is not inconsistent, it does not control the general verdict herein. Accordingly, the judgment must follow the general verdict unless a sufficient reason appears for entering judgment *n.o.v.* Notwithstanding the presumption that the jury more intensively focused its attention on the issue of contributory negligence to make the consistent special finding, our review will be directed as if the jury returned only a general verdict for defendant as to which the trial court granted plaintiffs' motion for judgment *n.o.v.* Therefore, the *Pedrick* standard of review is applicable.

The evidence as to what actually occurred at the intersection of 64th Street and Hamlin Avenue on the day in question is, at best, conflicting. Mrs. Prange testified that she approached Hamlin Avenue from the east, traveling at a speed of 4 to 5 miles an hour; she was just "creeping out" because there is a 3-flat building on the left and one has to get to the crosswalk to see down the street; she looked to her left and saw defendant's vehicle more than 200 feet away and his speed appeared to be "normal"; after looking to her right and seeing no traffic she looked to her left and saw defendant's vehicle more than 100 feet away and still traveling at a "normal" speed; she looked straight ahead and proceeded across the intersection at 4, 5 or 6 miles an hour, assuming that defendant would yield the right-of-way. Mrs. Prange further stated that when she was halfway across the intersection she heard a "rustling" and thought defendant had "evidently" increased his speed and was coming really fast. She heard the screech of tires like a "hotrodder" and saw defendant's car traveling northbound on Hamlin in the left lane without showing a turn signal. She stated the point of impact occurred in the northwest quadrant of the intersection and that defendant's right front bumper struck the left rear portion of her vehicle, pushing it into a light pole on the northwest corner. She testified that after the cars came to rest de-

fendant started his engine, scraping along the whole side of her car and coming into contact with her left front bumper, jerking her car forward, then stopped.

Robert O'Connor, a Chicago police officer who investigated the accident a few minutes after it occurred, testified that he observed most of the debris in the northwest quadrant, although there was some in the middle of the intersection. He admitted on cross-examination that there was no way of knowing whether all of the debris was from this accident. He testified to the substance of his conversation with defendant after the accident and said defendant told him that he struck the westbound vehicle over the left rear wheel; that he subsequently moved the car because he got excited, started to go and again the right front of his car hit the left front of plaintiffs' automobile.

Mr. Prange testified that during a conversation at the hospital after the occurrence, defendant told him he did not see Mrs. Prange until after he hit her and that he must not have been thinking or looking at that time. A photograph of the left side of plaintiffs' vehicle was admitted into evidence. It showed extensive damage along the left front fender, damage to the single left door, and along the entire left rear fender. The other photographs in evidence are not relevant to this discussion.

Defendant, called as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 60), testified that the accident occurred in the middle of the intersection; his right front fender hit plaintiffs' left front fender and the back of his car hit the right rear side of plaintiffs' car. He testified that he first saw plaintiffs' vehicle when he was 100 to 200 feet from the intersection; he was traveling at a speed of between 10 and 15 miles per hour, and plaintiffs' car was stopped at the crosswalk on the east side of the intersection. He stated that during the time he observed Mrs. Prange in her car she never looked to her left, and that just prior to impact she looked to her right, then pulled into the intersection at 5 or 10 miles an hour; that he sounded his horn and she did not; and that his car was the first to enter the intersection. At trial, defendant testified that he had never before driven this particular automobile; in his previous deposition he stated that he had. At trial, he stated that he could not remember if any one helped him move the car; in a prior deposition he stated that a Mr. Forbes had helped him. At trial, he stated that immediately after the accident he did not tell a female bystander to be quiet and go away; in his previous deposition he stated that a woman came out of a house, screaming at him that it was his fault, and calling him names, and that he told her to be quiet.

■■■ Focusing specifically upon the issue of plaintiff's contributory negligence, we cannot state that as a matter of law Mrs. Prange exercised

due care for her safety and that no contrary verdict, except one for the plaintiffs, could ever stand. Plaintiffs rely greatly on *Pedrick;* however, the facts are distinguishable. There the court in its holding for defendant determined that the plaintiffs' evidence was at most "highly equivocal" and of dubious probative value in the light of the unequivocal testimony by persons with no apparent interest in the outcome and the corroborative testimony of defendant's employees. In the instant case we find no such corroborative evidence for plaintiffs, nor do we find defendant's evidence "highly equivocal." Notwithstanding the attempted impeachment of defendant with previous statements, it was within the province of the jury to determine which version of the accident was to be believed. The trial judge may not substitute his judgment for that of the jury as to the credibility of witnesses. (*Houston v. Leyden Motor Coach Co.* (1968), 102 Ill.App.2d 348, 352, 243 N.E.2d 293.) The fact that contrary inferences would be equally supported by the evidence is not sufficient to show unreasonableness of the verdict. *Finley v. New York Central R.R. Co.* (1960), 19 Ill.2d 428, 167 N.E.2d 212.

■■■ In *Klein v. Pritikin* (1972), 6 Ill.App.3d 323, 327, 285 N.E.2d 457, this court held that the possession of the right-of-way does not relieve a motorist from the duty of exercising due care to avoid injury. The reviewing court in *Izzo v. Zera* (1965), 57 Ill.App.2d 263, 205 N.E.2d 644, applied the less stringent standard of manifest weight in a case involving an intersection collision and sustained the refusal of a judgment *n.o.v.* and of a new trial. The court there held that the determination by the jury of the conflicting evidence as to right-of-way, credibility, and prior inconsistent statements should not be disturbed. As pertinently stated in *Orlandi v. Caraway* (1973), 9 Ill.App.3d 628, 631, 632, 293 N.E.2d 337, the question of contributory negligence must be determined by the jury where considerations as to relative speed and distance of the vehicle would be involved; and further, that unless the facts are such as to come within *Pedrick*, the issue of contributory negligence should normally be submitted to the jury for determination.

■■ In the instant case, defendant testified that plaintiffs' vehicle was stopped at the intersection, that his vehicle entered the intersection first, and that Mrs. Prange, without looking to her left, moved into the intersection at a slow rate of speed. On the other hand, plaintiffs' version is that Mrs. Prange proceeded into the intersection at a slow rate of speed after having observed defendant's automobile from a distance in excess of 200 feet, all the while assuming that defendant would yield the right-of-way. There was sufficient evidence upon which the jury could conclude that Mrs. Prange failed to exercise due care for her safety either in proceeding across the intersection without regard to her safety or in failing

to keep a proper lookout when she entered the intersection. It was for the jury to determine the credibility of witnesses and which version of the accident to accept.

All of the evidence and the inferences that might be drawn from it do not so overwhelmingly favor plaintiffs that no contrary verdict could ever stand, nor is the special finding of the jury contrary to the manifest weight of the evidence. The court erred in ordering judgment *n.o.v.* for plaintiffs and a new trial on the issue of damages only. Defendant further maintains that the trial court erred in conditionally granting a new trial on all issues in the event the order of judgment *n.o.v.* and new trial for damages is reversed. Plaintiffs urge that the order for new trial on all issues be affirmed.

■■■■ In passing on a motion for new trial, the trial court has a greater latitude in passing on questions of fact than on questions of law. The motion is addressed to the discretion of the trial judge whose judgment will not be disturbed except for a clear abuse of discretion, which must affirmatively appear in the record. (*Skiba v. Ruby* (1969), 113 Ill.App.2d 170, 173, 251 N.E.2d 771.) In the proper exercise of his discretion a judge may not set aside a verdict and grant a new trial unless it is clear that the verdict resulted from passion or prejudice or is wholly unwarranted by the evidence. *Dailey v. Hill* (1968), 99 Ill.App.2d 474, 479, 241 N.E.2d 683; *Biel v. Wolff* (1970), 126 Ill.App.2d 209, 261 N.E.2d 474.

■■ The discretion of the trial judge in granting a new trial on condition is entitled to the same respect as when it is exercised in granting a new trial unconditionally. (*Goodman v. Terminal R.R. Ass'n* (1966), 68 Ill.App.2d 80, 215 N.E.2d 457.) We recognize that absent an abuse of discretion clearly apparent from the record, a reviewing court must hold that it cannot disturb the order of the trial court. However, in the instant case, the trial court specifically found that the general verdict—as well as the special finding of the jury—was contrary to the manifest weight of the evidence, and stated as a basis that the jury "took the easy way out" and that defendant deprived the court of an eyewitness to the occurrence.

In *Biel v. Wolff* the jury was presented with conflicting evidence as to the plaintiff's freedom from contributory negligence and returned a verdict for the defendant. The trial court denied plaintiff's motion for judgment *n.o.v.*, but ordered a new trial, stating that certain prejudicial errors occurred during trial and that the verdict was contrary to the weight of the evidence. On appeal, the reviewing court held that although the trial court properly denied plaintiff's motion for judgment *n.o.v.*, the court erred in granting a new trial, and reversed the order and remanded to the trial court to enter judgment on the verdict. The court stated at page 224:

"The standard to be applied in reviewing the trial court's judgment is whether the verdict was contrary to the preponderance of the evidence rather than whether the verdict was contrary to the manifest weight of the evidence. The manifest weight of the evidence standard prevails in a court of review when a jury's verdict is approved by the trial judge, not when it has met with his disapproval. *Skiba v. Ruby,* 113 Ill.App.2d 170, 251 N.E.2d 771."

In the case before us it cannot be said that the verdict of the jury nor the consistent special finding of plaintiffs' guilt of contributory negligence is wholly unwarranted by the evidence. Nor can it be said that the determination is clearly the result of the jury's passion or prejudice which affirmatively appears in the record. In orally stating reasons for setting aside the special findings, the trial court stated that the jury took the "easy way out" and that defendant drove away an eyewitness to the accident. Neither of these statements finds support in this record. As indicated by our review of the record, the question of whether plaintiffs were guilty of contributory negligence was clearly one of fact for the jury. Neither the general verdict nor the special finding is contrary to the preponderance of the evidence.

For reasons stated, the order of the circuit court is reversed. Judgment is here entered for defendant on the general verdict pursuant to our authority under Supreme Court Rule 366 (Ill. Rev. Stat. 1971, ch. 110A, par. 366).

Reversed.

McGLOON, P. J., and McNAMARA, J., concur.