JULIE M. BROCK, Plaintiff-Appellant, *v.* WILLIAM WINTON, Defendant-Appellee.

First District (3rd Division)   No. 79-656

Opinion filed March 31, 1980.

Beatty, Levin, Holland, Basofin & Sarsany, of Chicago (Kenneth F. Levin and Ronald L. Webne, of counsel), for appellant.

Orner, Wasserman and Moore, of Chicago (Norton Wasserman and Helga E. Huber, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:
Plaintiff, Julie Brock, brought this action to recover damages for personal injuries suffered when she was allegedly struck by an automobile driven by defendant, William Winton. The jury returned a general verdict in favor of defendant and a special interrogatory in which it found that plaintiff was guilty of contributory negligence. We affirm.

At approximately 9:30 a.m. on September 5, 1974, plaintiff was walking west on the north side of Washington Street in Chicago, Illinois.

When she reached the northeast corner of Washington and State Streets, she stopped because the light for pedestrians was red. According to plaintiff, the light for pedestrians turned green, and she proceeded to cross State Street. She did not recall if she looked in either direction before she crossed. Other pedestrians were also crossing the street, but they were behind her. Plaintiff testified that she took a couple of steps within the crosswalk and was hit by a northbound car.

A pedestrian who had been standing on the corner with plaintiff testified that after the signal for pedestrians turned green, she saw an automobile proceeding northbound on State Street. The vehicle was at the southernmost side of the crosswalk on the south side of the street when she first saw that the signal for pedestrians was green. According to this witness, the traffic light was red for the driver before he entered the intersection. At the time she observed the vehicle, she believed plaintiff had started to cross State Street. She heard a cracking noise which sounded as if something was being hit. She did not see the automobile hit plaintiff and did not know what part of the automobile came into contact with plaintiff.

Another witness had gotten off a southbound bus and was standing on a safety island located on the west side of Washington Street. She started to walk in an easterly direction after the light for pedestrians turned green but stopped as a northbound car drove by. She first saw the car when it was crossing Washington Street, but she did not see it strike plaintiff.

Defendant testified that he was proceeding northbound on State Street when he stopped for a red light at Washington Street. The light turned green, he proceeded through the intersection and then stopped "just a little bit across the intersection" because a truck had stopped in front of him. Defendant then heard a "thump" at the rear of the right side of his car. According to defendant, he got out of the car after hearing the thump. He saw plaintiff and asked if she was all right. When she failed to answer, he got into his car and drove away.

Plaintiff stated that she believed the car stopped after striking her and then continued to travel down State Street. One of plaintiff's witnesses testified that the car proceeded down State Street for approximately one-quarter of a block and stopped. According to this witness, the driver looked back and then drove away.

Plaintiff's argument is directed toward the propriety of the answer to the special interrogatory finding that plaintiff was guilty of contributory negligence. She contends that the answer to the special interrogatory must be set aside because she was free of contributory negligence as a matter of law, or alternatively, that the finding of contributory negligence was against the manifest weight of the evidence. Plaintiff then argues that

since the alleged improper answer to the special interrogatory "demanded a general verdict in favor of defendant," the judgment entered on the general verdict must be reversed. The argument is untenable because under the circumstances of this case, the judgment would not have to be reversed even if the answer to the special interrogatory is set aside.

In this case, the answer to the special interrogatory is not inconsistent with the general verdict. Therefore, the judgment must follow the general verdict and the answer to the special interrogatory is of no consequence. The real question is whether there is sufficient evidence to support the general verdict. *Prange v. Wallenburg* (1975), 27 Ill. App. 3d 618, 623, 327 N.E.2d 450, 453; see *Gale v. Hoekstra* (1978), 59 Ill. App. 3d 400, 409-10, 375 N.E.2d 456, 464.

The evidence establishes that there is more than one acceptable version of the accident. Defendant testified that he stopped for a red light at Washington Street. After the light turned green, he drove through the intersection and stopped because a truck had stopped in front of him. He then heard a thump at the rear of the right side of his car when the accident occurred. The jury may have accepted this version of the occurrence, rejected any contrary testimony, and concluded that defendant was not negligent. Since there is more than one acceptable version of the accident, it was within the province of the jury to decide which version to accept. (*Prange*, 27 Ill. App. 3d 618, 625-26, 327 N.E.2d 450, 455.) Thus, there is sufficient evidence to support the general verdict.

Accordingly, the judgment is affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.