LILLIAN BURRGESS KOSROW, Personal Adm'r of the Estate of Mary Ann Hoffman, Deceased, *et al.*, Plaintiffs-Appellants, v. RONALD S. ACKER *et al.*, Defendants (State Farm Mutual Automobile Insurance Company, Garnishee-Appellee).

Second District   No. 2—90—0221

Opinion filed February 6, 1991.

Robert J. Long, Marcia A. Korducki, and Mark B. Belokon, all of Law Offices of Robert J. Long, Ltd., of Antioch, for appellant Lillian Burrgess Kosrow.

Peter Alfieri, Richard D. Heytow, and James A. Borrasso, all of Crystal & Heytow, of Chicago, for appellant Carl E. Robinson.

Robin R. Lunn and Robert J. Schuckit, both of Keck, Mahin & Cate, of Chicago, for appellant Richard J. Byrne.

James L. Rados and Robert O. Duffy, both of Beverly, Pause, Duffy & O'Malley, of Chicago, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

Plaintiffs-appellants, Lillian Burrgess Kosrow, Carl E. Robinson and Richard J. Byrne (estates), are the administrators of the estates of Mary Ann Hoffman, Beverly Robinson, and Colleen Byrne, three women killed in a car accident when their car was struck by one driven by defendant Ronald S. Acker. Acker admitted liability, and the estates obtained a jury verdict against Acker and against defendant Jeffrey C. Smith, the owner of the automobile driven by Acker, based on negligent entrustment of his car to Acker. The claim of negligent entrustment was framed entirely as an issue of Acker's permissive use of Smith's car by both parties. In response to a special inter-

rogatory submitted by defendant Smith, the jury responded that Smith had given Acker permission, express or implied, to drive Smith's car at the time of the accident.

Smith appealed, but judgment was not stayed pending appeal because Smith was unable to post a sufficient bond. Estates instituted garnishment proceedings against garnishee-appellee, State Farm Automobile Insurance Company (insurer), for the limit of Smith's liability policy, which provided coverage to others driving Smith's car with his permission.

On Smith's appeal, this court reversed the verdict against Smith, holding that the evidence so overwhelmingly favored Smith that no contrary verdict based on the evidence could ever stand as a matter of law. Insurer sought to recoup funds placed in escrow pending appeal in partial satisfaction of the judgment. The garnishment court granted insurer's motion and ordered the return of the funds to insurer, and estates now appeal that order asserting that, based on the jury's answer to Smith's special interrogatory, insurer remains bound to provide coverage to Acker despite this court's reversal of the verdict against Smith. We affirm the holding of the garnishment court.

The facts of this case have been thoroughly discussed by this court on two previous occasions. (See, *e.g., Kosrow v. Acker* (1989), 188 Ill. App. 3d 778.) Further, the facts are undisputed by the parties and not at issue on this appeal. However, the events which bring the parties yet again before this court are briefly summarized to provide the backdrop against which this appeal is considered.

Acker used Smith's car and caused the accident that resulted in the deaths of the women whose estates now appeal. Estates sued both Acker, who admitted liability, and Smith on the theory of negligent entrustment. The jury found for estates, and against both Acker and Smith, including the special finding that Smith had expressly or implicitly given Acker permission to use Smith's car. At the close of the estates' case and again at the close of evidence, Smith sought a directed verdict. Again, in his post-trial motion, Smith asserted that the jury's verdict and special finding were against the manifest weight of the evidence and sought a judgment notwithstanding the verdict or, alternatively, a new trial. Smith appealed. We reversed, holding as a matter of law that the evidence so overwhelmingly favored Smith that no verdict for estates based on the evidence could ever stand and that the trial court should have granted Smith's motion for a directed verdict.

Insurer had filed a declaratory judgment action before trial of the underlying case asserting two policy defenses. Insurer asserted that

Acker, Smith's step-uncle, was not a relative within the meaning of the insurance policy. Because Smith had not given permission to Acker to operate the car, insurer further asserted that Acker was outside the policy's coverage of permissive users. The court ruled that Acker was not a relative, but dismissed without prejudice insurer's claim that no permission had been given as a fact question to be decided by the jury in the pending tort action.

After a jury returned a verdict against Smith, insurer once again filed a declaratory judgment action based on its permissive use defense, which was dismissed with prejudice as estopped by the jury's verdict to the contrary. Insurer filed an appeal, which was later withdrawn without explanation.

Estates assert that by reason of the jury's special finding, Acker became an insured within the coverage of insurer's policy and that our holding in *Kosrow v. Acker* (1989), 188 Ill. App. 3d 778, is not controlling because we did not explicitly overrule the special verdict, as well as additional arguments based on waiver and estoppel. Insurer responds that our determination that the evidence so overwhelmingly favored Smith that no contrary verdict could ever stand implicitly overruled the special finding.

■■ ■ The purpose of special findings is to test the general verdict against the determination of the jury as to specific issues of ultimate facts. (*Sommese v. Maling Brothers, Inc.* (1966), 36 Ill. 2d 263.) It is presumed the jury better understood the narrowly tailored issue presented in the special interrogatory, and the special verdict is, therefore, a more accurate reflection of the jury's determination. (*First National Bank v. Szwankowski* (1969), 109 Ill. App. 2d 268.) Thus, a special verdict overrides a general verdict to the extent of any clear and absolute inconsistency. (*Turner v. Thompson* (1981), 102 Ill. App. 3d 838; Ill. Rev. Stat. 1983, ch. 110, par. 2—1108.) However, a consistent special verdict is meaningless and of no consequence. (*Zitlaw v. Woszenzynski* (1981), 102 Ill. App. 3d 804, 810; *Brock v. Winton* (1980), 82 Ill. App. 3d 1010, 1012.) When the special verdict is consistent with the general verdict, " '[t]he real question is whether there is sufficient evidence to support the general verdict.' " (*Zitlaw*, 102 Ill. App. 3d at 810; quoting *Brock*, 82 Ill. App. 3d at 1012.) Thus, when a jury renders a special verdict consistent with its general verdict, the special verdict has no effect, and judgment is entered only on the general verdict.

■■ In this instance, the jury's general verdict and special verdict were completely consistent. Thus, the special verdict was without effect. The general verdict, including our decision in *Kosrow* (188 Ill.

App. 3d 778) that the general verdict was so totally unsupported by the evidence so as to justify a directed verdict as a matter of law (see *Merlo v. Public Service Co.* (1942), 381 Ill. 300), controls the fact question of driver's permissive use of insured's car. Estates cannot, therefore, impose liability on insurer based on driver's permissive use of insured's car.

The garnishment court correctly held that our decision in *Kosrow* controlled and ordered the estates to return the funds paid by insurer in partial satisfaction of that reversed judgment. Therefore, we need not address estates' estoppel and waiver arguments based on the withdrawal of insurer's appeal of the dismissal of its declaratory judgment action.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and BOWMAN, JJ., concur.